Bill G. HALSTEAD, Petitioner,

v.

Ira L. McHENDRY, Jere Johnson, and Ray M. Fields, constituting the Board of County Commissioners of Garfield County, Oklahoma, and the Trustees of the Garfield County Regional Health Facilities Authority, Respondents.

No. 50985.

Supreme Court of Oklahoma.

June 30, 1977.

Bill G. Halstead, Mitchell, Mitchell, De-Clerck, Cox & Halstead, Enid, for petitioner.

J. Scott Brown, Fagin, Brown, Bush, Selvidge & Tinney, Oklahoma City, for respondents.

IRWIN, Justice:

Bill J. Halstead (Petitioner) commenced this original proceeding seeking to have this Court assume original jurisdiction and to enjoin or otherwise prohibit the execution of a lease agreement between the Board of County Commissioners of Garfield County and the Garfield County Regional Health Facilities Authority (Authority), and to enjoin or otherwise prohibit the issuance of revenue bonds by Authority. Petitioner is a resident and taxpayer of Garfield County. The individuals named respondents constitute the Board of County Commissioners of Garfield County and are also Trustees of Authority.

These proceedings involve a revenue bond/lease agreement between the Board of County Commissioners and Authority. Authority proposes to issue revenue bonds and with the proceeds from the sale, acquire certain real property and construct facilities to be used by the Garfield County Health Department. The County proposes to lease the facilities from Authority and then sub-lease them to the Garfield County Health Department for its use.

Petitioner challenges the legality of the lease agreement and the proposed issuance of the revenue bonds on the grounds that the manner in which respondents propose to finance the construction of the County Health Building and incur and pay the bonded indebtedness, violates Art. X, & 26, of the Oklahoma Constitution.

Petitioner presents a controversy over which this Court will not ordinarily exercise its original jurisdiction. As petitioner freely admits, the District Court of Garfield County would have jurisdiction over this case. Petitioner and respondents join in urging this Court to assume original jurisdiction because the issue involved is of special public importance and because of the pressing need to provide for the relocation of the health department renders a remedy in the District Court inadequate. The Court considers the question publici juris and a proper subject for the exercise of original jurisdiction. *State ex rel. Freeling v. Ross*, 76 Okl. 11, 183 P. 918 (1919); *State ex rel. West v. Cobb*, 24 Okl. 662, 104 P. 361 (1909). Furthermore, it is noted that the issue is of great local concern and that there is a real and pressing need for an early determination of the case. *Morrison v. Ardmore Industrial Development Corporation*, Okl., 444 P.2d 816 (1968). The Court, therefore, assumes jurisdiction.

The parties stipulated that:

1. At an election held for such purpose on the 24th day of May, 1966 a majority of the qualified voters of Garfield County, Oklahoma, voting at said election, approved the following proposition:

" 'SHALL GARFIELD COUNTY, STATE OF OKLAHOMA, BE AUTHORIZED TO LEVY AN ADDITIONAL AD VALOREM TAX, THE EXACT AMOUNT TO BE LEVIED FOR ANY FISCAL YEAR TO BE DETERMINED BY THE COUNTY EXCISE BOARD, BUT IN NO EVENT TO EXCEED TWO AND ONE–HALF MILLS ON THE ASSESSED VALUATION OF TAXABLE REAL AND PERSONAL PROPERTY, SITUATED IN THE COUNTY, FOR THE PURPOSE OF MAINTAINING OR ASSISTING IN MAINTAINING A DEPARTMENT OF HEALTH, SUCH TAX TO BE LEVIED FOR FISCAL YEAR 1966–1967 AND EACH FISCAL YEAR THEREAFTER UNTIL THE AUTHOR-

ITY THEREFORE SHALL BE RE-PEALED BY THE VOTERS OF GAR-FIELD COUNTY AT AN ELECTION CALLED UPON THE QUESTION OF SUCH REPEAL?'"

2. The Garfield County Health Department is presently leasing facilities from a private individual and the rentals are paid from collections under the mill levy approved in 1966. This present lease will terminate and will not be renewed.

3. The Board of County Commissioners and Authority, pursuant to proper resolutions, entered into a lease agreement which provides that Authority will issue its bonds in the sum of $750,000.00 and use the net proceeds to acquire the land and construct and equip a building thereon to be leased to the County to house the County Health Department.

4. The Board of County Commissioners has sublet the facilities to the Garfield County Health Department at an annual rental of $120,000.00. This $120,000.00 paid by the County Health Department from the collection of the 2½ mill levy is more than sufficient to pay the rentals required to be paid by the County to Authority and to operate and maintain the facilities.

The lease agreement between the County and Authority commits County to the rental of the facility for a primary term of one year or less, depending on the exact date of closing, and contains an option in favor of County to renew the lease from year to year. Rent is calculated in an amount adequate to retire Authority's bonds with interest over a fifteen year term. Upon the natural termination of the lease, which includes all annual extensions, County has the option of continuing the lease without any obligation to pay rent (County would be obligated to pay operation and maintenance expense etc.) or County is entitled to purchase the facilities for One Dollar ($1.00).

Petitioner challenges the legality of the proposed bond/lease agreement package transaction on the grounds that it violates Art. X, § 26, of the Oklahoma Constitution, which, in part, provides:

"Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the State, shall be allowed to become indebted in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, * * *."

In *Independent School District No. 1, McIntosh County v. Howard,* Okl., 336 P.2d 1097 (1959), we held:

"The intent and plain purpose of section 26, article 10, of the Constitution is to require a municipality to carry all its corporate operations upon a cash or pay as you go plan. The revenue of each year must take care of the expenditures of such year and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by vote of the people and within the limitations therein provided.

"Whoever contracts with a municipality does so with notice of the limitations on its or its agents' powers. Every one is presumed to know the law, and whoever contracts with such municipality or furnishes it supplies does so with reference to the law; if such persons go beyond the limitations imposed, they do so at their own peril."

No election has been conducted under Art. X, § 26, of the Oklahoma Constitution and the proposed bonds can not become an indebtedness of the State of Oklahoma nor Garfield County. Nor can we sustain Petitioner's argument that the current County Commissioners are obligating future County Commissioners in future years to continue to lease the facilities from Authority and to pay the required rental. This Court has repeatedly held that contracts of an entity within the purview of Art. X, § 26, executed or executory, entered into in one fiscal year, which in any way seek to bind the revenues of a succeeding

fiscal year, are void. *Consolidated School District No. 6 v. Panther Oil & Grease Mfg. Co.*, 197 Okl. 66, 168 P.2d 613 (1946).

The lease contract does not obligate future County Commissioners to continue the contract nor does the contract obligate the revenue of any succeeding years. Whether or not the lease should be continued depends entirely upon the actions of the then current County Commissioners. Whether to annually exercise the option to continue the lease will be determined by the then current County Commissioners. The present Board or any future Board of County Commissioners can vacate the premises and terminate the lease at the end of any fiscal year without any obligations.

Petitioner, in substance, recognizes the above rules, the import of Art. X, § 26, of the Constitution; and decisional law, but essentially complains of the moral or implied obligation of the bond/lease agreement. Petitioner relies on several separate provisions of the lease agreement to show these moral or implied obligations.

One of the aspects of these financial arrangements to which Petitioner calls our attention is the identical membership of the two contracting entities, i. e., the individual named respondents constitute the Board of County Commissioners and, at the same time, serve as Trustees of Authority.

Petitioner argues that respondents' duties as County Commissioners require them to spend the taxpayers money wisely; whereas, as Trustees of Authority, their duty will be to protect the interests of Authority and to retire the bonds. As Trustees, they will be landlords; as County Commissioners, they will be tenants. Petitioner looks upon this type of situation as creating a conflict of interest because the same individuals are serving opposing interests.

■ Public officers of a beneficiary governmental entity are contemplated as possible Trustees of public trusts under 60 *O.S. Supp.*1976, § 178. Likewise, this Court has previously held service by public officials as both the representatives of the beneficiary governmental entity and trustees of the public trust, does not, in law, constitute a conflict of interest. *Morrison v. Ardmore Industrial Development Corp.*, Okl., 444 P.2d 816 (1963). *Morrison, supra,* cited an earlier decision of this Court [*Woodward v. City of Anadarko,* Okl., 351 P.2d 292 (1960)], which held:

> "The fact that the trustees of said trust also are members of the governing body of the City of Anadarko in law does not effect a merger of the estates of the trust or create any conflict of interest or duties."

Petitioner recognizes that having the same individuals serve as Trustees who are also the County Commissioners is not necessarily grounds for voiding the lease agreement, but argues that considering this with the other circumstances, this Court should find as a matter of fact there is a moral obligation or an implied contract imposing on the County a duty to continue the lease until all the revenue bonds have been retired.

■ Assuming, arguendo, that County has a "moral obligation" to continue the lease until all the revenue bonds have been retired, the evidence of such a "moral obligation" constitutes no legal impediment to the validity of the lease agreement. Art. X, § 26, of the Constitution, relates to legally enforceable obligations and not to moral obligations. The fact that the lease agreement might be continued until the bonds are retired serves no basis for voiding the agreement. This entire proposed bond/lease agreement presupposes a public need for the County Health Department facilities not only today but also, as a "public purpose" in the future. If and when that public need should cease, the then County Commissioners can at that time determine whether the lease agreement should be continued or terminated. Nothing in the lease agreement obligates the County to continue the lease beyond each fiscal year for which the lease agreement is renewed. Although the option to purchase for $1.00 when the bonds have been retired might be an incentive to continue the lease, this option to purchase does not constitute a contractual obligation to renew the lease.

Petitioner contends the manner of issuing bonds to finance the construction of a county public health building is prescribed by Art. X, § 26, of the Constitution and any attempt to circumvent is void as contrary to Constitutional mandate. Petitioner argues that Garfield County could issue its general obligation bonds for the purpose of constructing a public health building, upon the assent of the required per cent of the voters. These voter approved bonds could be sold at a lower interest rate than the bonds Authority proposes to sell in the case at bar. Petitioner argues this imposes a greater financial burden on the taxpayers and we should enjoin the issuance of the bonds.

Petitioner has not challenged the legality of Authority's issuing bonds in the case at bar, except indirectly by trying to void the lease agreement which will be pledged as collateral for the bonds. The wisdom of the bond/lease agreement is not an issue before this Court. The sole issue with which petitioner has presented the Court is the validity of the lease agreement when measured by the provisions of Art. X, § 26, of the Oklahoma Constitution. We find no grounds for concluding the lease agreement runs contrary to the dictates of Art. X, § 26, of the Oklahoma Constitution.

Original jurisdiction assumed; Writ of Prohibition denied.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, BERRY, BARNES and DOOLIN, JJ., concur.