Dear Inspectior Scott,
¶ 0 The Attorney General has received your request for an official opinion asking:
Does a conflict of interest exist under 70 O.S. 5-124 (1988)if a school enters into a contract with a school related trust,having as its beneficiary the board of education, whose governingboard of trustees are the same individuals as the members of theboard of education?
¶ 1 Title 70 O.S. 5-124 (1988) provides in pertinent part as follows:
 No board of education of any school district in this state shall make any contract with any of its members or with any company, individual or business concern in which any of its members shall be directly or indirectly interested. All contracts made in violation of this section shall be wholly void. A member of a board of education shall be considered to be interested in any contract made with any company, individual or any business concern if such member of the board of education or any member of his immediate family owns any substantial interest in same.
¶ 2 There are some exceptions to the provisions of this section which are not pertinent to your request concerning contracts with utility companies and certain nonprofit organizations. These exceptions are not addressed in this opinion.
¶ 3 This statute very clearly prevents any school board member from being "interested" in a contract with the school board whether such interest is direct or indirect. The language of 70 O.S. 5-124 is not materially different from the language preventing such interest in contracts which appears in the Oklahoma Constitution. Oklahoma Constitution Article X, 11
provides as follows:
 The receiving, directly or indirectly, by any officer of the State, or of any county, city, or town, or member or officer of the Legislature, of any interest, profit, or perquisites, arising from the use or loan of public funds in his hands, or moneys to be raised through his agency for State, city, town, district, or county purposes shall be deemed a felony.
¶ 4 Generally, the type of "interest" that disqualifies public officers from certain types of transactions is a "financial or pecuniary" interest. A.G. Opin. No. 85-138; A.G. Opin. No. 79-267; see also, Baskin v. State ex rel. Short, 232 P. 388
(Okla. 1925); Mackey v. Crump, 153 P. 1128 (Okla. 1915). Your opinion request concerns contracts between school public trusts and a board of education, neither of which is a profit oriented enterprise with stockholders or any ownership interest of private individuals. Since neither the board members of the trust nor the board members of the school board have any personal financial or pecuniary interest in any of these contracts, the provisions of 70 O.S. 5-124 do not apply.
¶ 5 This conclusion is bolstered by the fact that the Oklahoma Supreme Court has had occasion to consider such dual membership of public agency boards and trust boards created with the public agency as its beneficiary. In Halstead v. McHendry,566 P.2d 134 (Okla. 1977), the Court considered a transaction involving a lease agreement between the Garfield County Board of County Commissioners and the Garfield County Regional Health Facilities Authority, a public trust. The trustees of the trust and the Board of County Commissioners were the same individuals. A citizen taxpayer attempted to void this transaction and one of the grounds asserted was an alleged conflict of interest because of the dual membership on the boards. The Oklahoma Supreme Court specifically found that the Oklahoma public trust statutes indicated that public officials of the beneficiary might also serve on the trust board.
 Public officers of a beneficiary governmental entity are contem plated as possible Trustees of public trusts under 60 O.S. 178 (1976). Likewise, this Court has previously held service by public officials as both the representatives of the beneficiary governmental entity and trustees of the public trust, does not, in law, constitute a conflict of interest. Morrison v. Ardmore Industrial Development Corp.,
Okl., 444 P.2d 816 (1963). Morrison, supra, cited an earlier decision of this Court Woodward v. City of Anadarko, Okl., 351 P.2d 292 (1960) which held:
 The fact that the trustees of said trust also are members of the governing body of the City of Anadarko in law does not effect a merger of the estates of the trust or create any conflict of interest or duties.
566 P.2d at 138. (Emphasis supplied by the Court).
¶ 6 The highest court of this state has squarely held that dual memberships on boards, even when the boards contract with one another, does not create any legal conflict of interest as a matter of law. While there is no conflict of interest as a matter of law because of such dual membership, we believe that the facts of a given case could conceivably give rise to a violation of the public officers' common law fiduciary duty to each governmental entity.
¶ 7 The Oklahoma Supreme Court cases on the subject of dual membership do not deal at great length or discuss in great depth repeated financial dealings between two separate entities governed by identical boards. Public trusts are legal entities separate and apart from their governmental beneficiaries. Stateex rel. Williamson v. Garrison, 348 P.2d 859 (Okla. 1960). It is this separate legal existence which the Court has emphasized in finding that the obligations of trusts are not the obligations of its beneficiary. See e.g., Board of County Commissioners v.Warram, 285 P.2d 1034 (Okla. 1955).
¶ 8 The first "dual membership" case decided by the Oklahoma Supreme Court was Woodward v. City of Anadarko, 351 P.2d 292
(Okla. 1960). This case dealt with a municipal public utility trust where the trustees and the city council were the same individuals. In this case both the creation of the trust and a lease between the city and the trust were approved by the voters. Therefore in this case the actions of the public officers were fully disclosed to the citizens and approved by them. The main issue was whether the dual membership caused a "merger of estates" under the common law of trusts, and had little to do with conflicts of interest.
¶ 9 A few years later the Court cited Woodward as authority for the legality of dual membership between trusts and their municipal beneficiaries in Morrison v. Ardmore IndustrialDevelopment Corp., 444 P.2d 816 (Okla. 1968). This case dealt with a municipal industrial trust where the likelihood of repeated contractual arrangements was slim. Again the Court dealt primarily with the merger issue and not with conflicts of interest that may arise when the same individuals vote to approve a contract for both parties to the contract.
¶ 10 Not until Halstead v. McHendry, cited above, did the Court have the opportunity to squarely deal with a contract entered into between a county and a trust with the county as its beneficiary, and a possible conflict of interest. The Court cited its earlier decisions which dealt primarily with the merger issue and refused to find the contract illegal as a matter of law.
¶ 11 Public officers are governed by the highest duty known in the law. In State v. Sowards, 82 P.2d 324 (Okla.Crim.App. 1938), our Court of Criminal Appeals stated that "it is fundamental that public offices are a public trust." Id. at 330. Since the trust cases cited earlier in this opinion were decided, the Oklahoma Supreme Court has strongly stated that public officers should avoid even the appearance of impropriety. Just recently in Westinghouse Electric Corporation v. GrandRiver Dam Authority, 720 P.2d 713 (Okla. 1986), the Court issued a strong admonition to public officials:
 Government agencies are uniquely endowed with the power to implement the public will, and as such, are subject to the highest levels of scrutiny by the people whom they serve. Government officials and employees must exercise great care to avoid even the appearance of impropriety in their duties; for they, like Caesar's wife, must be above reproach.
720 P.2d at 717, 718.
¶ 12 The recent case of Roberts v. South Oklahoma CityHospital Trust, 742 P.2d 1077 (Okla. 1987), also points out that the Court is now willing to look behind the trust instruments which purport to create the trust to see if the entity is a bona fide public trust or whether it "may be found to be illusory." Id. at 1083.
¶ 13 Another case which is not directly applicable to your question is still instructive in understanding the usual prohibition against one person serving in two public offices simultaneously. The case of Wimberly v. Deacon, 144 P.2d 447
(Okla. 1944), discussed the constitutional prohibition contained in Okla. Const. Article II, Section 12, which prevents federal officers from holding offices under the laws of Oklahoma. The Supreme Court observed that the rationale of this provision is to prevent officers from having conflicting loyalties.
¶ 14 In the factual scenario stated in your opinion request the trust was created with a school district as its beneficiary. While theoretically the boards of the trust and school district are both looking out for the best interests of the school district, a myriad of circumstances may occur when the duties of a trustee may vary from that of a school board member. For instance, when the trust goes into debt without a vote of the people, the trustees will owe a duty to its creditors or bondholders. The trustees must insure that they do everything within their power not to jeopardize the revenue source to pay the obligations. This revenue will invariably come from the school district. There exists a very real possibility that at some point it may be in the school district's best interest to change its financial priorities and spend its money elsewhere. Unlike the trust, a school district may not commit its revenues from a future fiscal year. Okla. Const. Article X, 26;Independent School District No. 1, McIntosh County v. Howard,336 P.2d 1097 (Okla. 1959).
¶ 15 In this hypothetical situation, these individuals may have conflicting loyalties. As trustees they have imposed a duty upon themselves by contract which would be illegal if attempted as members of the board of education. As members of the board of education, they owe a high duty to the taxpayers of the school district. When the trust depends on revenue from the school district, the interests of the taxpayers and the creditors of the trust may not always coincide.
¶ 16 It is beyond question that a properly created and operated trust is a separate legal entity from its governmental beneficiary. If the boards of each entity are composed of identical individuals, and the beneficiary and trust engage in a series of contracts between one another, the chances of these individuals encountering conflicting duties and loyalties becomes more likely. In this situation it is quite conceivable that board members may lose sight of the fact that they serve the taxpayers first and foremost, and such a duty must always remain paramount in their public decisions and actions.
¶ 17 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. A member of a school board may not have a direct orindirect interest in any contract with the board of education onwhich he serves. This direct or indirect interest must be of afinancial or pecuniary nature under 70 O.S. 5-124 (1988).
 2. Where a member of a board of education of a school districtis also a member of a board of trustees of a trust with theschool district as its beneficiary no conflict of interest existsunder 70 O.S. 5-124 (1988), as a matter of law, even where theboard of education and board of trustees enter into contractswith one another.
 3. Board members of public trusts created pursuant to 60 O.S.176 (1981) et seq., who also serve as board members of thegovernmental beneficiaries' governing bodies, should avoidrepeated contractual dealings between both entities in which theyare voting to approve both sides of the same contract. Suchcontracts may raise possible conflicts of interest in the commonlaw fiduciary duties of such board members, depending on thefacts of a given transaction.
ROBERT H. HENRY Attorney General of Oklahoma
THOMAS L. SPENCER Assistant Attorney General Deputy Chief, Civil Division