Dear Representative Morgan
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:
What, if any, constitutional or statutory provisions wouldprevent public school districts from entering into agreements inexcess of one year to lease privately owned school classroomspace?
 I. POWERS AND LIMITATIONS
¶ 1 Pursuant to its constitutional mandate, the Legislature has provided a system of free public schools for all children of this state supported by public taxation. See Okla. Const. ArticleXIII, Section 1 and 70 O.S. 1-106 (1991). Generally in Oklahoma, public schools are provided and administered by separately constituted taxing units known as school districts.See 70 O.S. 1-108 (1991). Each public school district in this state is empowered to:
 Purchase, construct or rent, and operate and maintain, classrooms, libraries, auditoriums, gymnasiums, stadiums, recreation places and playgrounds, teacher wages, school bus garages, laboratories, administration buildings, and other schoolhouses and school buildings, and acquire sites and equipment therefor[.]
70 O.S. 5-117(7) (1991) (emphasis added).
¶ 2 "Words used in any [Oklahoma] statute are to be understood in their ordinary sense, except when a contrary intention plainly appears. . . ." 25 O.S. 1 (1991). Webster's Third New International Dictionary, page 1923 (3d ed 1993), defines "rent" to mean: "to take and hold under an agreement to pay. . . ." Therefore, unless otherwise limited by law, school districts are statutorily empowered to rent privately owned classroom space.See 25 O.S. 5-117(7) (1991).
¶ 3 The power to contract, including the statutory power to rent pursuant to 70 O.S. 5-117(7), is limited by the Oklahoma Constitution Article X, Section 26(a) which provides, in part:
 [N]o . . . school district . . . shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year without the assent of three-fifths of the voters thereof. . . .[1]
(Emphasis added.)
¶ 4 Also, each school district is further limited by the Oklahoma Statutes which provide, in part:
 A. It shall be unlawful for . . . school district boards of education . . . to willfully or knowingly make any contract for, incur, acknowledge, approve, allow or authorize any indebtedness against their respective . . . school districts or authorize it to be done by others, in excess of the estimate made and approved by the excise board for such purpose for the current fiscal year, or in excess of the specific amount authorized for such purpose by a bond issue.
62 O.S. 479 (emphasis added).
¶ 5 In response to your question, unless at least three-fifths of the voters of a school district approve, the Oklahoma Constitution, Article X, Section 26 and 62 O.S. 479 (1998) would prevent public school districts from entering into agreements for periods in excess of one fiscal year to rent privately owned school classroom space.
 II. OPTION TO RENEW
¶ 6 In Halstead v. McHendry, 566 P.2d 134 (Okla. 1977), the Oklahoma Supreme Court reviewed a lease agreement between the County Commissioners of Garfield County ("County") and the Trustees of the Garfield County Regional Health Facilities Authority ("Authority") whereby the County leased a building from the Authority for a primary term of one year or less, with an option in favor of the County to renew the lease from year to year. The Court held the lease did not violate Article X, Section26 of the Oklahoma Constitution because the agreement did not obligate future County Commissioners to continue the contract or commit revenue of future years. See Halstead at 138. Because both school districts and counties of this state are similarly limited by the Oklahoma Constitution, Article X, section 26, the ruling in Halstead applies to your question.[2]
¶ 7 Therefore, a school district can lease privately owned classroom space for periods of one fiscal year or less with an option to renew the lease in future years to be exercised at the discretion of the school district without violating Article X, Section 26 of the Oklahoma Constitution and 62 O.S. 479 (1998), as long as the budgetary limitations of said provisions are not exceeded in any fiscal year.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Unless otherwise limited by law, a school district is statutorily empowered to rent privately owned classroom space. See 70 O.S. 5-117(7) (1998).
 2. Unless at least three-fifths of the voters of a school district approve, OKLA. CONST. Article X, Section 26 and 62 O.S. 479 (1998) would prevent the school district from entering into agreements for periods in excess of one fiscal year to rent privately owned school classroom space.
 3. A school district can lease privately owned classroom space for periods of one fiscal year or less with an option to renew the lease in future years to be exercised at the discretion of the school district without violating OKLA. CONST. Article X, Section 26 and 62 O.S. 479 (1998), as long as the budgetary limitations of said provisions are not exceeded in any fiscal year.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JOHN CRITTENDEN ASSISTANT ATTORNEY GENERAL
[1] This section exempts the following contracts when made by school districts pursuant to specific statutory authority: (1) certificated personnel for periods extending one year beyond the current fiscal year or (2) school superintendents for periods extending more than one year, but not to exceed three years beyond the current fiscal year. See Okla. Const. art. X, § 26(a)(1), (2).
[2] By similar analysis, the Attorney General has previously determined that although a school district could not contract for a period greater than one fiscal year with the Oklahoma Development Authority for the purchase of nonpayable warrants, the school district could include an option to renew the agreement on an annual basis so long as the exercise of that option belongs to the school district. See A.G. Opin. 84-005.