Dear Matlock
¶ 0 This office has received your request for an official Attorney General Opinion. You have asked, in effect, the following question:
Does a sheriff serving on a jail trust authority have a per seconflict of interest by virtue of his or her being chair of thetrust authority?
¶ 1 The Oklahoma Legislature in 1994 passed statutes specifically authorizing the creation of a County Jail Trust Authority. They are codified at 19 O.S. Supp. 1999, §§904.1-904.10. The creation of a county jail trust authority, the powers and duties of its board, and the obligations of its directors are governed by these statutes.
¶ 2 A County Jail Trust Authority ("CJTA" or "Authority") is created when a majority of county voters approve such an authority. See 19 O.S. Supp. 1998, § 904.1[19-904.1](B). The board of directors of a CJTA has broad powers which include the following: managing and conducting the business and affairs of the Authority; making and executing necessary contracts; acquiring, operating and maintaining county correction and detention facilities; contracting for employees to maintain and operate the criminal justice facilities of the Authority; taking or disposing of real or personal property of every kind necessary or convenient for the Authority's operation; employing employees as may be required and fixing compensation and duties; contracting with federal, state and local governments and agencies for the use of Authority facilities; establishing rules for the Authority; and doing anything necessary and proper in the management and operation of the Authority to establish and maintain an effective corrections and detention system to enhance the preservation of the welfare and safety of the residents of the county. See 19 O.S. Supp. 1999, § 904.3[19-904.3].
¶ 3 The composition of the board of directors of a CJTA is dictated by the language of 19 O.S. Supp. 1999, § 904.2[19-904.2](A), which states that the directors of the Authority "shall consist" of five members, one of whom is the county sheriff. This statute also specifically states that the county sheriff "shall serve as chairman of the board of directors." 19 O.S. Supp. 1999, §904.2[19-904.2](B). The use of "shall" by the Legislature is normally considered as a legislative mandate equivalent to the term "must," requiring interpretation as a command. State ex rel. Macy v. Freeman, 814 P.2d 147, 153 (Okla. 1991). Thus, the statute itself dictates that the sheriff serve not merely on the board, but as its chair. So long as the sheriff maintains that office, he or she is a member and chair of that board by virtue of that elective office. See A.G. Opin. 99-15 (holding that a county sheriff cannot resign from a county jail trust authority so long as he holds the office); see also A.G. Opin. 98-43 (discussing ex officio positions, which is service by virtue of one's office or position).
¶ 4 A fundamental rule of statutory construction is that the legislature will not be presumed to have intended an absurd result. See In re Holt, 932 P.2d 1130, 1135 (Okla. 1997); Grand River Dam Authority v. State, 645 P.2d 1011, 1019 (Okla. 1982). It would be an absurd result to hold that the Legislature created a per se conflict of interest by mandating that the sheriff chair a board intended to supervise jail functions.
¶ 5 The Oklahoma Supreme Court has considered a similar situation. Halstead v. McHendry, 566 P.2d 134 (Okla. 1977), involved a transaction involving a lease agreement between a county board of county commissioners and a county regional health facilities authority, a public trust. The trustees of the trust and the board of county commissioners were the same individuals. A citizen taxpayer attempted to void this transaction on several grounds, one of which alleged a conflict of interest was created because of the dual membership on the boards. The Oklahoma Supreme Court specifically found that the Oklahoma public trust statutes indicated that public officials of the beneficiary might also serve on the trust board.
 [T]his Court has previously held service by public officials as both the representatives of the beneficiary governmental entity and trustees of the public trust, does not, in law, constitute a conflict of interest. Morrison v. Ardmore Industrial Development Corp., Okl., 444 P.2d 816 (1963). Morrison, supra, cited an earlier decision of this Court (Woodward v. City of Anadarko, Okl., 351 P.2d 292 (1960)), which held:
 "The fact that the trustees of said trust also are members of the governing body of the City of Anadarko in law does not effect a merger of the estates of the trust or create any conflict of interest or duties."
Halstead, 566 P.2d at 138.
¶ 6 Therefore, the fact a county sheriff also serves as chair of a jail trust authority does not create a per se conflict of interest. Whether there exist circumstances in an individual case which could give rise to a conflict of interest is a question of fact which is outside the scope of an Attorney General Opinion. See 74 O.S. Supp. 1993, § 18b[74-18b](A)(5).
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 There is no per se conflict of interest created by virtue of asheriff's serving on and being chair of a county jail trustauthority created by 19 O.S. Supp. 1999, §§ 904.1-904.10.Whether there exist circumstances in an individual case whichcould give rise to a conflict of interest is a question of factwhich is outside the scope of an Attorney General Opinion. See74 O.S. Supp. 1993, § 18b(A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAN CONNALLY ASSISTANT ATTORNEY GENERAL