**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FARAMARZ MEHDIPOUR,

        Plaintiff-Appellant,

v.

CHARLES S. CHAPEL, Judge; RETA
M. STRUBHAR, Judge; GARY L.
LUMPKIN, Judge; CHARLES A.
JOHNSON, Judge; STEVE LILE,
Judge, individually and in their
official capacities as Judges of the
Oklahoma Court of Criminal Appeals,

        Defendants-Appellees.

No. 00-6347
(D.C. No. 00-CV-652-T)
(W.D. Okla.)

FARAMARZ MEHDIPOUR,

        Plaintiff-Appellant,

v.

OKLAHOMA COUNTY BOARD
OF COUNTY COMMISSIONERS,
for Oklahoma County; PATRICIA
PRESLEY, individually or in her
official capacity as Court Clerk
of Oklahoma County; LISA
HAMMOND, individually or in her
official capacity as Assistant District
Attorney of Oklahoma County,

        Defendants-Appellees.

No. 00-6351
(D.C. No. CIV-99-1983-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** [*]

---

Before **EBEL** , **ANDERSON** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

## I. Background facts and proceedings

Faramarz Mehdipour was convicted of intimidating a state's witness in Oklahoma state court in 1993. His conviction was overturned by the Oklahoma Court of Criminal Appeals (OCCA) in 1995, but he was again convicted of the crime in 1996. That conviction was upheld on direct appeal. *Mehdipour v. State* , 956 P.2d 911 (Okla. Crim. App. 1998). His federal habeas petition was dismissed for failure to exhaust state remedies, and we upheld that dismissal. *See Mehdipour v. Snider* , No. 98-6483, 1999 WL 606710 (10th Cir. Aug. 12, 1999). Mr. Mehdipour then petitioned for state habeas relief on the very same

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

legal issues he raises in this § 1983 action, which was also denied. *See*

*Mehdipour v. State*, No. PC 99-1530 (Okla. Crim. App. Apr. 4, 2000). On

April 25, 2000, he filed a second federal petition for habeas relief. *Mehdipour v.*

*Snider*, No. 00-CV-793 (W.D. Okla.). [1]

## II. Case No. 00-6347

In case No. 00-6347, Mr. Mehdipour appeals from the dismissal with

prejudice of his complaint brought pursuant to 42 U.S.C. § 1983, which he filed

on April 6, 2000. Defendants are all judges of the OCCA; four of those judges

ruled against him in his second direct criminal appeal and all ruled against him in

his state habeas appeal. Mr. Mehdipour claims that he is entitled to compensatory

and punitive damages because these judges allegedly violated his constitutional

rights by ruling against him on the legal questions he raised, affirming his

convictions, and dismissing his habeas petition. He also requests injunctive relief

"prohibiting Defendant Judges from retaliating against Plaintiff for this suit."

*See* R. Doc. 9, at 5-7. The district court dismissed Mr. Mehdipour's § 1983

---

[1] Magistrate Judge Purcell entered an order on March 20, 2001, recommending denial of the petition and Mr. Mehdipour was granted an extension until May 6 in which to object to the recommendation. On April 26, 2001, Mr. Mehdipour filed yet another action seeking declaratory and injunctive relief naming Magistrate Judge Purcell and all active and senior judges of the Western District of Oklahoma as defendants.

claims under Fed. R. Civ. P. 12(b)(6), holding that the judges are "immune from liability for actions taken in their judicial capacity." *Id.* Doc. 19, at 2.

We review de novo an order dismissing a complaint for failure to state a claim under Rule 12(b)(6) using the same standard applied by the district court. *Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y*, 163 F.3d 1150, 1152 (10th Cir. 1998). "We accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). "[D]ismissal pursuant to Rule 12(b)(6) will be upheld only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

On appeal, Mr. Mehdipour agrees that it is well established that judicial immunity protects judges from suit for acts performed in their judicial capacities. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). He argues that, because he thinks the judges were wrong in their decisions upholding the state district court's criminal jurisdiction over him, they acted in the clear absence of jurisdiction in deciding his state appeal and habeas petition and therefore are not immune from liability. *See id.* at 356-57 (holding that judge may be subject to liability only when he has acted in the "clear absence of all jurisdiction"). This argument is

frivolous. It is beyond question that the appellate judges had subject matter jurisdiction to decide Mr. Mehdipour's appeals; therefore "they are absolutely immune even when their action is erroneous, malicious, or in excess of their judicial authority." *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (citing *Stump*, 435 U.S. at 356-57)).

Mr. Mehdipour next argues that absolute judicial immunity is not a bar to prospective injunctive relief against a judicial officer. *See Pulliam v. Allen*, 466 U.S. 522, 540 (1984). While that may be true, a review of Mr. Mehdipour's complaint shows that his only request for injunctive relief is a totally speculative one concerning future retaliation. He has alleged no facts indicating that he has ever been retaliated against by these judges or that retaliation is likely to occur in the future absent our intervention. This argument is also frivolous.

Finally, Mr. Mehdipour argues, without any legal support whatsoever, that the district court somehow erred by taking only one day to review his objections to the magistrate's report and recommendations. In its order, the district court discussed the objections, the facts, and the law, thereby fulfilling the requirements that it issue "a brief order expressly stating the court conducted de novo review." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). We conclude that dismissal of Mr. Mehdipour's claims was proper and that this appeal is frivolous.

# III.  Case No. 00-6351

Case No. 00-6351 also relates to Mr. Mehdipour's conviction for intimidating a witness.  On December 14, 1999, he sued the Oklahoma County Commissioners under § 1983 for allegedly failing to supervise and train employees and permitting and ratifying the tampering of public records, including documents submitted to the OCCA.  Additionally, he sued the Oklahoma County Court Clerk and the Assistant District Attorney of Oklahoma County under § 1983 and 28 U.S.C. § 1985 for allegedly conspiring to cause a false criminal offense to be presented against him, tampering with and concealing court documents, submitting false or misleading documents to the state court and the OCCA, and denying him due process and equal protection of the law because they were motivated by discriminatory racial animus.

On September 15, 2000, the district court agreed with the magistrate judge's recommendations and granted defendants' motion to dismiss under Rule 12(b)(6), concluding that all but one claim was barred by the statute of limitations and that there was no basis for tolling it.  R. Doc. 18, at 3.  In regard to Mr. Mehdipour's allegations of conspiracy to violate rights by causing a false criminal offense to be filed and submitting false documents, the court concluded that the adjudication of those claims would impact the pending federal habeas petition filed on April 25, 2000, and that no § 1983 claim could lie unless his

conviction was first invalidated. *Id.* at 4 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that plaintiff may not recover damages in § 1983 action for allegedly unconstitutional conviction unless that conviction has either been reversed on direct appeal or declared invalid in habeas corpus proceedings)). The court dismissed this cause of action without prejudice in the event the conviction was invalidated.

On appeal, Mr. Mehdipour argues that (1) his claims are not barred by the statute of limitations because his injury is ongoing, (2) *Heck* does not apply, and (3) the district court did not conduct an adequate review of his objections because the court issued its decision only one day after his objections were filed. This third argument has already been addressed above. For substantially the same reasons as discussed in the magistrate judge's report and recommendation, *see* R. Doc. 14, at 4-9, we reject Mr. Mehdipour's statute of limitations argument. We also reject his claim that *Heck* does not apply simply because he now claims he is not attacking the legality of his conviction and thinks that a judgment on his damage claims would not necessarily imply that his conviction was unlawful. Mr. Mehdipour admits that both his federal habeas action and his § 1983 action are based upon the same alleged facts. Appellant's Br. at 10. Clearly, success in this § 1983 action would "necessarily imply the invalidity of his conviction," *Heck*, 512 U.S. at 487, and it was therefore properly dismissed.

Further, Mr. Mehdipour claims that the district attorney knowingly relied on a preliminary hearing waiver that he claims was either false or technically insufficient and also that she falsely stated she amended the information on which he was convicted. These claims are jurisdictionally barred. Federal courts cannot review § 1983 claims that formed the basis of, or are "inextricably intertwined" with, a final state court judgment. *Van Sickle*, 791 F.2d at 1436 (quotation omitted). In affirming Mr. Mehdipour's conviction, the OCCA specifically stated that he had waived preliminary hearing and that the information was amended by interlineation. *Mehdipour*, 956 P.2d at 913. On habeas review, the court rejected his arguments that there was not a state court record proving he waived preliminary hearing or that the amendment of the information violated any constitutional rights. *Mehdipour*, No. PC 99-1530, slip op. at 2-3. Those findings and conclusions are not reviewable in federal court except on habeas review. *See Van Sickle*, 791 F.2d at 1436.

The judgments of the United States District Court for the Western District of Oklahoma in case Nos. 00-6347 and 00-6351 are AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-8-