FILED
United States Court of Appeals
Tenth Circuit

May 14, 2019

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

FARAMARZ MEHDIPOUR,

    Plaintiff - Appellant,

v.

LISA DENWALT-HAMMOND; C.
WESLEY LANE, II; DAVID PRATER,

    Defendants - Appellees.

No. 18-6161
(D.C. No. 5:18-CV-00268-SLP)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BRISCOE**, **McKAY**, and **LUCERO**, Circuit Judges.

_____

Mr. Faramarz Mehdipour, an Oklahoma state prisoner proceeding pro se,

appeals the district court's judgment dismissing without prejudice a civil rights action

he filed under 42 U.S.C. § 1983, and the court's denial of his Fed. R. Civ. P. 60(b)

motion. We lack jurisdiction to review the underlying judgment because

Mr. Mehdipour's notice of appeal was untimely. We have jurisdiction under

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 1291 to review the denial of his Rule 60(b) motion, and we affirm that denial.

## I. Background

In 1993, Mr. Mehdipour was convicted in Oklahoma state court of intimidating a witness. That conviction was overturned on direct appeal. In 1996, he was convicted of attempting to intimidate a witness after conviction of two or more felonies and sentenced to sixty years' imprisonment. That conviction and sentenced were affirmed. *See Mehdipour v. State*, 956 P.2d 911 (Okla. Crim. App. 1998). Mr. Mehdipour has been unsuccessful in his attempts to overturn his conviction in state post-conviction and federal habeas corpus proceedings. *See Mehdipour v. Okla. Ct. of Civil Appeals*, 62 F. App'x 203, 209–10 (10th Cir. 2003) (recounting litigation history and denying certificate of appealability from denial of second habeas petition).

In 2018, Mr. Mehdipour filed a pro se § 1983 complaint against the defendants. Two of them, Ms. Lisa Denwalt-Hammond and Mr. C. Wesley Lane, II, were Oklahoma County assistant district attorneys involved in the prosecutions referred to above, and the third, Mr. David Prater, was the Oklahoma County district attorney at the time of those prosecutions. Mr. Mehdipour alleged that in the criminal proceedings against him, defendants violated his constitutional rights by maliciously prosecuting him, falsifying court documents, tampering with court records, treating him differently than other similarly situated defendants, and failing to correct those violations. He also alleged constitutional violations based on the

2

lack of preliminary hearings at either trial, which allegedly deprived the state court of jurisdiction. He sought damages and declaratory relief.

A magistrate judge screened Mr. Mehdipour's complaint pursuant to 28 U.S.C. § 1915A(a) and (b) and provided the district court with a report and recommendation (R&R). The magistrate judge recommended dismissing the claims against Mr. Lane with prejudice on the basis of absolute prosecutorial immunity, and dismissing the claims against the other two defendants, and any claims generally challenging the 1996 conviction, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 suit for damages caused by an allegedly unconstitutional conviction or imprisonment or by other unlawful actions is not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff proves the conviction or sentence has been invalidated. *Id.* at 486–87.[1]

Mr. Mehdipour timely objected to the R&R arguing that Mr. Lane was not entitled to absolute prosecutorial immunity. He did not address the application of *Heck* other than a conclusory assertion that he was "not attempting to overcome his conviction in this action" but would instead be challenging his conviction "in a separate action soon to be filed in [the federal district court]." R. at 53. The district court declined to dismiss the claims against Mr. Lane based on prosecutorial immunity but concluded that *Heck* barred all claims against all three defendants. The

---

[1] In *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court made clear that *Heck* applies "no matter the relief sought (damages or equitable relief)."

district court noted that in *Mehdipour v. Chapel*, 12 F. App'x 810, 813–14 (10th Cir. 2001), this court had determined that *Heck* barred virtually identical § 1983 claims Mr. Mehdipour raised in that case. The district court also reasoned that Mr. Mehdipour's assertion that he intended to challenge his conviction and sentence in a separate action underscored imposing the *Heck* bar to his § 1983 claims. Consequently, the district court dismissed the action without prejudice on June 21, 2018 and entered a separate judgment the same day.

On August 7, 2018,[2] Mr. Mehdipour filed a Rule 60 motion in which he argued that *Heck* did not apply to his case because he was only challenging the process used to convict him, not the result. The district court construed the motion as seeking relief under Rule 60(b)(1) and (b)(6) and denied it. The court first determined that Mr. Mehdipour's attempt to distinguish *Heck* came too late given his failure to object to the magistrate judge's recommendation that dismissal under *Heck* was warranted. In the alternative, the district court concluded that the attempt to distinguish *Heck* lacked merit because, as noted in its dismissal order, this court had "found virtually identical § 1983 claims previously raised by [Mr. Mehdipour] against one or more of the Defendants to be barred by *Heck*." R. at 76 (citing *Mehdipour*, 12 F. App'x at 813). Finally, the district court denied the Rule 60(b) motion to the extent

---

[2] Although Mr. Mehdipour's Rule 60(b) motion was not actually filed until August 9, 2018, he placed it in the prison's system for processing legal mail, postage prepaid, on August 7, 2018. Under the prison mailbox rule, the motion is deemed filed on August 7. However, the two-day differential is ultimately immaterial to the disposition of this appeal.

Mr. Mehdipour otherwise attempted to advance new claims or make other arguments not raised in his objection to the R&R.

## II.    Appellate Jurisdiction

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). And a notice of appeal in a civil case must be filed "within thirty days after the entry of [the] judgment, order or decree" being appealed. 28 U.S.C. § 2107(a). Mr. Mehdipour filed a notice of appeal on September 14, 2018, naming both the district court's underlying judgment and the denial of his Rule 60(b) motion. That was more than thirty days after the district court's June 21, 2018 judgment. Although a Rule 60 motion can toll the running of the 30-day appeal period until the district court disposes of the motion, it does so only if "filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). Mr. Mehdipour did not file his Rule 60(b) motion until August 7, 2018, which was 47 days after entry of the June 21 judgment. Therefore, it did not toll the time to appeal the underlying judgment, and we lack jurisdiction to review that judgment.

Mr. Mehdipour's notice of appeal was filed 29 days after the entry of the order denying his Rule 60(b) motion on August 16, 2018, so it was timely under § 2107(a). We therefore have jurisdiction to review that order, but "not the underlying decision itself." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

5

**III. Merits**

We review the denial of a Rule 60(b) motion for abuse of discretion. *Id.* We afford Mr. Mehdipour's pro se filings a liberal construction, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

We need not decide whether the district court abused its discretion in denying Mr. Mehdipour's Rule 60(b) motion on the ground that he advanced arguments he had not raised in his objections to the magistrate judge's R&R. Instead, we agree with the district court that Mr. Mehdipour failed to distinguish *Heck*. On appeal, Mr. Mehdipour emphasizes that his claims are about "the process (due process), not the result." Aplt. Opening Br. at 2. And he insists that he did not seek to invalidate his conviction but instead sought damages based on defendants' deprivation of his constitutional rights to adequate process.[3] This line of argument overlooks that *Heck* bars even those § 1983 claims that "necessarily *imply* the invalidity of [a] conviction." *Heck*, 512 U.S. at 487 (emphasis added). *Actual* invalidation is not required. Success on the merits of Mr. Mehdipour's § 1983 claims that the defendants maliciously prosecuted him, falsified court documents, tampered with court records, treated him differently than other similarly situated defendants, failed to correct those violations, and deprived him of a preliminary hearing, which resulted in the state trial court proceeding without jurisdiction, would necessarily imply the

---

[3] Mr. Mehdipour also argues that the district court erred in concluding that all three defendants were entitled to absolute prosecutorial immunity, but the court did no such thing. We therefore do not address this argument.

invalidity of his conviction. We therefore conclude that the district court did not abuse its discretion in denying Mr. Mehdipour's Rule 60(b) motion.

## CONCLUSION

We affirm the district court's denial of Mr. Mehdipour's Rule 60(b) motion and otherwise dismiss this appeal for lack of jurisdiction. We deny Mr. Mehdipour's motion for a default judgment.

Entered for the Court


Monroe G. McKay
Circuit Judge

7