1997 OK 100

**Ronald Dean LOWE, Appellant,**

v.

**Larry R. MONARD, Appellee.**

**No. 89425.**

Supreme Court of Oklahoma.

July 2, 1997.

As Corrected July 9, 1997.

---

*ORDER*

KAUGER, Chief Justice:

¶1 Appellant, a prisoner, has filed an appeal from an order issued by Judge Owens, Oklahoma County, which returned appellant's petition to him, stating that it is returned because it failed to state a claim. Judge Owens states that the petition was returned because it failed to meet the requirements set forth in 12 O.S. Supp 1995 § 2003.1.

¶2 Petitioner's petition in error is treated as an application to assume original jurisdiction and petition for writ of mandamus and is granted. A writ is hereby issued, directing respondent district judge or any other assigned judge to permit petitioner's petition to be filed in the district court *prior to* making any determination concerning whether it states a claim. *See State ex rel., McCalister v. Graham,* 531 P.2d 1367 (Okl. 1975).

¶3 The statute is as follows:

§ 2003.1. Commencement of actions by inmates of penal institutions.

A. Petitions, motions, or other pleadings filed by an inmate of a penal institution as defined in paragraph 2 of subsection B of Section 2 of this act appearing pro se shall be on forms approved by the district court and supplied without charge by the clerk of the district court upon request.

B. The following information shall be supplied by an inmate who is seeking relief in a civil action:

1. Plaintiff's full name;

2. Place of plaintiff's residence;

3. Name(s) of defendant(s);

4. Place(s) of defendant(s) residence;

5. Title and position of (each) defendant;

6. Whether the defendant(s) was (were) acting under color of state law at the time the claim alleged in the complaint arose;

7. Brief statement of the facts;

8. Grounds upon which plaintiff bases allegations that constitutional rights, privileges, or immunities have been violated, together with the facts which support each of these grounds;

9. A statement of prior judicial and administrative relief sought; and

10. A statement of relief requested.

C. In all cases in which the petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed in forma pauperis, in addition to the proof of poverty required by subsection C of Section 152 of Title 28 of the Oklahoma Statutes, the inmate shall submit a certificate executed by an authorized officer of the institution in which the inmate is confined stating the amount of money or securities on deposit to the inmate's credit in any account in the institution. The certificate may be considered by the court in acting on the motion for leave to proceed in forma pauperis. In the absence of exceptional circumstances, leave to proceed in forma pauperis may be denied if the value of the money and securities in petitioner's, movants, or plaintiff's institutional account exceeds Two Hundred Dollars ($200.00).

D. If the court determines that the filing is a noncomplying petition, motion, or other pleading filed by an inmate in a penal institution appearing pro se it shall be returned together with a copy of this statute and a statement of the reason or reasons for its return.

E. If the defendant claims either qualified or absolute immunity in its answer, the court may order the plaintiff to file a detailed reply to the answer pursuant to subsection A of Section 2007 of Title 12 of the Oklahoma Statutes.

F. The Administrative Office of the Courts shall adopt forms to be used by inmates of penal institutions appearing pro se pursuant to this section.

¶ 4 We interpret the language of 12 O.S. Supp.1995 § 2003.1(D) to permit the judge to return the petition only if it does not comply with the requirements set forth in § 2003.1(B) and (C). Neither (B) nor (C) provide that a prisoner must state a claim upon which relief may be granted or the petition will be returned. Thus, returning a petition to a prisoner for the reason that it "fails to state a claim" is not authorized by 12 O.S. Supp § 2003.1.

¶ 5 Petitioner may resubmit his petition to the Oklahoma County District Court Clerk for filing.

¶ 6 Done by order of the Supreme Court in conference this 30th day of June, 1997.

¶ 7 SUMMERS, V.C.J., and HODGES, LAVENDER, SIMMS, WILSON and WATT, JJ., concur.

¶ 8 OPALA, J., concurring.

I concur in today's order, but would also join in a summary reversal of the trial judge's order that prevents the petitioner from proceeding further in the case. That nisi prius order is clearly appealable. 12 O.S.1991 § 953. Recasting this proceeding into an original action is not necessary to dispose of the critical issue before us.

¶ 9 HARGRAVE, J., not voting.