PER CURIAM. *
Writ granted. Although in some extreme cases of abuse courts may exercise their inherent authority and require indigent inmates to seek permission before filing, or may withdraw in forma pauperis status from them, even if they are challenging their convictions or confinement, see In re Anderson, 511 U.S. 364, 366, 114 S.Ct. 1606, 1607-08, 128 L.Ed.2d 332 (1994); Howard v. Sharpe, 266 Ga. 771, 470 S.E.2d 678, 680 (1996); Cotner v. Creek County District Court, 911 P.2d 1215, 1222 (Okl.Cr.App.1996), the task of limiting an inmate’s ability to file repetitive or frivolous criminal pleadings within the limits allowed by constitutional principles protecting access to the courts falls principally to the legislature, which has enacted the procedural provisions of La.C.Cr.P. art. 924 et seq. to govern post-conviction challenges. If faced with apparently frivolous, repetitive, or untimely inmate criminal pleadings, courts should accept, file, and consider the pleadings and then apply these statutory procedural bars as appropriate rather than create their own bars by means of court rule or ad hoc order. Because relator’s history of filing as reflected in the district court order, this Court’s records, and appellate reporters does not rise to an extreme level warranting the district court’s restrictive order, that court is ordered to accept, file, and consider relator’s pleadings without assessing unexplained costs against him.

 Marcus, J., not on panel. See Rule IV, Part II, § 3.