Per Curiam.
Pro se petitioner Lowe seeks leave to proceed in forma pauperis under Rule 39 of this Court. We deny this request pursuant to Rule 39.8. Lowe is allowed until April 19,1999, within which to pay the docketing fee required by Rule 38 and to submit his petitions in compliance with this Court’s Rule 33.1. We also direct the Clerk not to accept any farther petitions for certiorari nor petitions for extraordinary writs from Lowe in noncriminal matters unless he pays the docketing fee required by Rule 38 and submits his petition in compliance with Rule 33.1.
Lowe has abused this Court’s certiorari and extraordinary writ processes. In November of last year and earlier this month, we invoked Rule 39.8 to deny Lowe in forma pau-peris status. See Lowe v. Cantrell, 525 U. S. 1176 (1999); In re Lowe, 525 U. S. 960 (1998) (three cases). Before these 4 denials, Lowe had filed 23 petitions, all of which were both patently frivolous and had been denied without re *274 corded dissent. The 4 instant petitions for certiorari thus bring Lowe’s total number of frivolous filings to 31. He has several additional filings — all of them patently frivolous— currently pending before this Court.
We enter the order barring sons discussed in Martin v. District of Columbia Court of Appeals, 506 U. S. 1 (1992) (per curiam). Lowe’s abuse of the writ of certiorari and of the extraordinary writs has been in noncriminal cases, and so we limit our sanction accordingly. The order therefore will not prevent Lowe from petitioning to challenge criminal sanctions which might be imposed on him. The order, however, will allow this Court to devote its limited resources to the claims of petitioners who have not abused our process.

It is so