2000 OK CIV APP 27

**Ronald Dean LOWE, Appellant,**

v.

**Weldon CANTRELL, Appellee.**

**No. 93,143.**

Court of Civil Appeals of Oklahoma,
Division No. 4.

Dec. 21, 1999.

Ronald Dean Lowe, Hominy, Oklahoma, Appellant Pro Se.

Robert E. Applegate, Collins, Zorn, Jones & Wagner, P.C., Oklahoma City, Oklahoma, For Appellee.

*OPINION*

GOODMAN, V.C.J.:

¶ 1 Appellant Ronald Dean Lowe (Prisoner), an inmate serving a life sentence in the custody of the Oklahoma Department of Corrections (DOC), filed a petition on January 16, 1997, in Atoka County District Court, against defendant Weldon Cantrell, the Sheriff of Pottawatomie County. Prisoner sought the release of certain records alleged to be in the custody of Sheriff which Prisoner sought to use in a post-conviction appeal of his criminal case. Prisoner sought declaratory and injunctive relief, an attorney's fee, and release of the records. The trial court dismissed the lawsuit for lack of in personam jurisdiction. Prisoner appealed to this court, which issued an opinion on April 6, 1999, in Appeal No. 90,493, *Ronald Dean Lowe v. Weldon Cantrell.* Mandate was issued in that case on May 13, 1999, and it became the law of the case.

¶ 2 On May 12, 1999, Prisoner filed a motion to vacate void judgment, claiming the dismissal, which was the subject of Appeal No. 90,493, was a void judgment, subject to vacation. Prisoner stated the district court lacked in personam jurisdiction over Sheriff, and therefore could not have entered a judgment dismissing the case. That motion was denied the same day. Prisoner again appeals.

¶ 3 We hold the trial court correctly denied Prisoner's motion. Prisoner failed to specify the grounds for vacating a judgment, as set out in either 12 O.S. Supp.1998, § 1030 or § 1031. Furthermore, Prisoner's appellate briefs set out issues which were addressed by this court's April 6, 1999, opinion. The doctrine of the law of the case operates to preclude our review of those issues. Reviewing the matter as a whole, we find no abuse of discretion. The trial court's order is affirmed.

¶ 4 Sheriff seeks to impose sanctions on Prisoner for his demonstrated history of allegedly frivolous appeals and argues that future restrictions should be imposed upon Prisoner as a sanction for filing allegedly frivolous lawsuits and appeals. Sheriff first seeks an injunction requiring Prisoner to seek leave of court before filing a new petition. Sheriff also seeks to deny future applications for *in forma pauperis* status as a means of reducing the number of lawsuits and appeals filed by Prisoner.

¶ 5 We decline to impose an injunction against Prisoner, because that is a matter more properly directed to the district court. We therefore turn to Sheriff's request to deny Prisoner future *in forma pauperis* status.

¶ 6 We begin this analysis by noting that litigants proceeding pro se in a civil action or a civil appeal are charged with the responsibility of complying with the rules of pleadings, evidence and appellate practice. *Funnell v. Jones*, 1985 OK 73, 737 P.2d 105. Attorneys and unrepresented parties acting pro se are prohibited from filing frivolous pleadings and are subject to sanctions pursuant to 12 O.S. Supp.1998, § 2011(B) and (C).[1]

---

1. Title 112 O.S.1991, § 2011, states in relevant part:

    B. REPRESENTATIONS TO COURT. By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    1. It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

    2. The claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

    3. The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    4. The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Furthermore, inmates are prohibited from filing patently frivolous pleadings pursuant to 57 O.S. Supp.1998, § 566, which states:

A. A civil action initiated against the state, the Department of Corrections, another state agency, or political subdivision, or an original action in an appellate court, or an appeal of an action whether or not the plaintiff was represented in the district court, by an inmate in a penal institution appearing pro se may be:

1. Dismissed without prejudice, by the court on its own motion or on a motion of the defendant, if all administrative remedies available to the inmate have not been exhausted; or

2. Dismissed with prejudice, by the court on a motion of the defendant, if the court is satisfied that the action is frivolous or malicious.

B. As used in this section:

1. "Frivolous" means having no reasonable basis in law or fact, or lacking any good faith legal argument for the extension, modification, or reversal of existing law;

2. "Inmate" or "inmate in a penal institution" includes, but is not limited to, a person in the custody or under the supervision of the Department of Corrections or the Federal Bureau of Prisons; and

3. "Malicious" means filing numerous actions, or actions brought in bad faith on de minimus issues.

C. If the court determines before or at trial that one or more of the causes of action are frivolous or malicious, any one or more of the following sanctions may be imposed:

1. Award attorney fees and actual costs incurred by the state, the Department of Corrections, another state agency, a political subdivision, the Attorney General's Office, or the defendant, not to exceed Two Thousand Five Hundred Dollars ($2,500.00) per frivolous cause of action;

2. Court costs not to exceed Five Hundred Dollars ($500.00) per cause of action;

3. Order the Department of Corrections to revoke up to seven hundred twenty (720) earned credits accrued by the inmate;

C. SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subsection B of this section has been violated, the court shall, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subsection B of this section or are responsible for the violation.

1. HOW INITIATED.

a. By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subsection B of this section. It shall be served as provided in Section 2005 of this title, but shall not be filed with or presented to the court unless, within twenty-one (21) days after service of the motion or such other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorneys fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

b. On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to the specific subsection B of this section and directing an attorney, law firm, or party to show cause why it has not violated subsection B of this section with respect thereto.

2. NATURE OF SANCTIONS; LIMITATIONS. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs a and b of this paragraph, the sanction may consist of, or include, directives of a nonmonetary nature, by order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys fees and other expenses incurred as a direct result of the violation.

a. Monetary sanctions shall not be awarded against a represented party for a violation of paragraph 2 of subsection B of this section.

b. Monetary sanctions shall not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

3. ORDER. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this section and explain the basis for the sanction imposed.

4. Order the Department to revoke permission to have nonessential personal property of the inmate, including, but not limited to, televisions, radios, stereos, or tape recorders. If permission is revoked, the Department shall take appropriate precautions to protect the property during the period of the revocation; or

5. Impose a civil sanction in an amount not to exceed One Thousand Dollars ($1,000.00).

D. Any award of attorney fees, or costs, or the imposition of a sanction shall serve as a judgment against the inmate and the Department is authorized to take up to fifty percent (50%) of the inmate's nonmandatory trust funds per month until paid. The judgment shall be subject to execution without further order of any court for a period of seven (7) years from the date of an award or imposition of a sanction.

¶ 7 The definition of "patently frivolous," as used in § 566 and § 2011, was recently examined by the Oklahoma Supreme Court in *Shabazz v. Keating,* 1999 OK 26, 977 P.2d 1089. The court noted:

Section 566(B)(1) defines as a "frivolous" claim one "having no reasonable basis in law or fact, or lacking any good faith legal argument for the extension, modification, or reversal of existing law."

The court then stated that the "patently frivolous appeal" language was similar to that examined by the court in *TRW/Reda Pump v. Brewington,* 1992 OK 31, 829 P.2d 15. The court found *Brewington* instructive, and stated:

A patently frivolous appeal is one having no legitimate legal or factual basis and is so totally devoid of merit as to be regarded as facially unworthy of consideration. All doubts concerning whether the appeal is frivolous must be resolved in appellant's favor.

*Shabazz v. Keating,* 1999 OK 26 at ¶ 13, 977 P.2d at 1094. The court continued and noted:

Sanctions are appropriate when a prisoner's pleading is unreasonable under all the circumstances in existence at the time

of filing. Excessive use of sanctions to punish litigants for a legitimate effort to clarify existing law has a negative impact on a prisoner's unimpeded access to the courts. It is in violation of Art. 2, § 6, Okl. Const.

*Shabazz v. Keating,* 1999 OK 26 at ¶ 14, 977 P.2d at 1095 (footnote omitted).

■ ¶ 8 Although the sanctions sought to be imposed on the prisoner in *Shabazz* were revoked, we are cognizant of the fact that in *Shabazz,* the sanctions were imposed to restrict the prisoner's habeas corpus rights in connection with his post-conviction criminal case. In the case in controversy, Sheriff does not seek to restrict Prisoner's access to the courts in relation to his criminal appellate rights, but rather seeks to bar Prisoner's unfettered use of his in forma pauperis status in non-criminal, civil matters, which have been deemed frivolous. Thus while *Shabazz* addresses the limits of court-ordered sanctions which adversely impact a prisoner's due process rights in filing pleadings and appeals in a criminal matter, there appears to be no such restriction, other than those already set out by statute, on the imposition of sanctions in a noncriminal matter. We note that Sheriff does not seek to restrict Prisoner's right to file noncriminal pleadings or appeals, nor to deny Prisoner access to our court. What Sheriff does seek is to restrict Prisoner's use of his *in forma pauperis* status as a license to file frivolous lawsuits and appeals. Prisoner can continue to file meritorious noncriminal suits and appeals as long as he pays the requisite filing fee.

¶ 9 We further note a consolidated per curium decision by the United States Supreme Court, styled No. 98–7591, *Ronald Dean Lowe v. Marcus Pogue*; No. 98–7952, *Ronald Dean Lowe v. Oklahoma Department of Corrections*; No. 98–8073, *Ronald Dean Lowe v. Federal Bureau of Investigation*; and No. 98–8082, *Ronald Dean Lowe v. Helen Woodall,* 526 U.S. 273, 119 S.Ct. 1238, 143 L.Ed.2d 384, (1999). The U.S. Supreme Court directed the clerk of the court not to accept any more of Lowe's petitions for certiorari or extraordinary writs in noncriminal matters because of Lowe's demonstrated abuse of the that Court's certiorari and extraordinary writ processes. The Court noted it had earlier denied Lowe in forma pauperis

status, citing Lowe's 31 patently frivolous filings to it alone.

¶ 10 In addition, the United States Court of Appeals for the Tenth Circuit has examined Lowe's history of patently frivolous litigation. In *Lowe v. Cantrell*, 105 F.3d 669 (10th Cir.1997), the 10th Circuit denied Lowe's petition to proceed *in forma pauperis*, noting his apparent violation of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 18 U.S.C.A. 3626 and 28 U.S.C. § 1915(g), the *in forma pauperis* statute. Lowe's inability to proceed *in forma pauperis* will curtail his ability to clog the courts with his frivolous lawsuits and appeals.

¶ 11 We hold the appeal now before us is patently frivolous and the defendant's motion for sanctions is granted. We remand the matter to the district court to conduct a hearing to determine the appropriate sanction, taking cognizance of the precedent set by the U.S. Supreme Court and the persuasive, instructional opinion of the Tenth Circuit Court of Appeals, and the statutes, and case law of this state.

¶ 12 AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.

¶ 13 RAPP, J., and TAYLOR, J., concur.