2004 OK 19
FARAMARZ MEHDIPOUR, Plaintiff/Appellant,
v.
STATE ex rel. DEPARTMENT OF CORRECTIONS, et al., Defendants/Appellees.
No. 99301
Supreme Court of Oklahoma
March 30, 2004
Faramarz Mehdipour, Stringtown, Oklahoma Pro se.
J. Kevin Behrens, Assistant Attorney General, Oklahoma City, Oklahoma for Defendants/Appellees.
KAUGER, J:
¶1 We granted certiorari to address the issue of whether inmates who seek to proceed as indigents or paupers, but who are required to prepay filing fees pursuant to 57 O.S. 2001 §566.2[1] if they have filed three or more meritless civil lawsuits are statutorily denied due process or the constitutional right of access to courts guaranteed to all citizens by the Okla. Const. art 2, §6.[2] The statute in question provides in pertinent part:
"A. A prisoner who has, on three or more prior occasions, while incarcerated or detained in any facility, or while on probation or parole, brought an action or appeal in a court of this state or a court of the United States that has been dismissed on the grounds that the case was frivolous, or malicious, or failed to state a claim upon which relief could be granted, may not proceed in a matter arising out of a civil case, or upon an original action or on appeal without prepayment of all fees required by law, unless the prisoner is under immediate danger of serious physical injury. . . ."
We hold that the statute does not deprive inmates of the due process right to access to courts.

FACTS
¶2 On January 2, 2003, the appellant, Faramarz Mehdipour (Mehdipour), an inmate at the Mack Alford Correctional Facility in Stringtown, Oklahoma, filed a lawsuit in the district court of Atoka County, Oklahoma, against the appellants, the warden, and various employees of the prison and the Department of Corrections (collectively, prison officials). Mehdipour complained of violations of his civil rights, alleging that the prison officials: 1) improperly placed him in a segregation unit; 2) seized his legal materials and personal property; 3) forced him to live with a smoker in the same cell; 4) failed to properly train prison employees; and 5) forced him to work against his will. He did not allege that he was under any immediate danger of serious physical injury. Rather than pay the filing fee in the district court, Mehdipour filed a pauper's affidavit.[3]
¶3 The prison officials filed a motion for summary judgment on March 24, 2003. They argued that, pursuant to 57 O.S. 2001 §566.2,[4] the cause must be dismissed for failure to pay the filing fee because Mehdipour had, on at least three prior occasions, filed lawsuits that had been dismissed as frivolous or for failure to state a claim. The prison officials presented an order filed February 25, 2003, in the United States Court of Appeals for the 10th Circuit which dismissed a lawsuit filed by Mehdipour for failing to pay a filing fee after three or more prior meritless cases had been dismissed.[5]
¶4 On April 28, 2003, the trial court entered an order granting the prison officials' motion for summary judgment. It found that Mehdipour was incarcerated, he had not paid the filing fee, and he had, on at least three prior occasions, filed actions which had been dismissed as frivolous or for failure to state a claim. Mehdipour appealed, insisting that he had never filed a frivolous civil action. The Court of Civil Appeals affirmed the trial court. It determined that 57 O.S. 2001 §566.2[6] applied as a matter of law, and required dismissal, without prejudice to refiling upon the proper payment of the filing fees. We granted certiorari on January 20, 2004, to address the constitutionality of the statute.

TITLE 57 O.S. 2001 §566.2 DOES NOT DEPRIVE INMATES OF THE DUE PROCESS RIGHT TO ACCESS TO COURTS.
¶5 Mehdipour argues that a literal construction of 57 O.S. 2001 §566.2,[7] to require prepayment of fees even though he alleges that he is indigent, violates his right to access to the courts and due process guaranteed by the federal[8] and state constitutions.[9] He relies on our recent decision in Mehdipour v. Wise, 2003 OK 3, 65 P.3d 271 in support of his argument. The prison officials contend that the statute in question does not prevent access to courts or deny due process, but merely requires prepayment of a filing fee rather than installment payments, under certain circumstances when an inmate has filed excessive, meritless lawsuits.
¶6 There are two sources of the right to access the courts and due process. Oklahoma's Constitution, art 2, §6 specifically guarantees citizens' access to courts.[10] Although the United States Constitution does not have a specific access to courts provision like the Oklahoma Constitution, the United States Supreme Court has recognized that indigent inmates have a fundamental constitutional right to meaningful access to the courts, arising from several constitutional provisions.[11] However, this right in the civil context, is not absolute or unconditional, except in cases where an indigent litigant has a fundamental interest at stake.[12] Due process is guaranteed by the Okla. Const., art 2, §7 and the 14th Amendment of the United States Constitution.[13]
¶7 The United States Supreme Court has issued orders denying petitioners from proceeding in forma pauperis when seeking extraordinary relief for filing excessive, frivolous and/or abusive petitions in the Court.[14] Similarly, the Oklahoma Court of Criminal Appeals has also denied in forma pauperis status for future extraordinary relief filings based on past excessive, frivolous, and duplicitous filings.[15] Other courts, relying on their inherent powers have also imposed similar restrictions on litigants who have demonstrated a pattern of excessive filings.[16]
¶8 This Court has previously determined that §6 of the Oklahoma Constitution[17] was intended to guarantee that the judiciary would be open and available for the resolution of disputes, but not to guarantee that any particular set of events would result in court-awarded relief.[18] We have also determined that prisoners have a constitutional right to reasonable access to the courts.[19] Last year, in Mehdipour v. Wise, 2003 OK 3, 65 P.3d 271, we recognized that our courts have consistently declined to interpret our statutory provisions in a manner which would deprive prisoners access to civil judicial process.
¶9 Wise involved the issue of whether inmates were statutorily deprived of the capacity to file any civil action against a third party which does not involve the asserted violation of constitutional rights.[20] In determining that they were not and could not be deprived of such capacity, we also noted that our rulings have long recognized the fundamental policy considerations and constitutional implications which would arise from a holding that prisoners may be deprived of their right to seek protection of the courts to guarantee their personal and property rights.[21]
¶10 If this cause were about the abolition of the right to seek redress for every type of injury or complaint of any civil case that required a filing fee, we would agree that Mehdipour v. Wise, 2003 OK 3, 65 P.3d 271, and its progeny would be dispositive. However, it is not about the abolishment of a right to seek redress, but rather, whether the conditions imposed which limit the right to seek redress are constitutional. We have not addressed the issue of whether withholding the right of an indigent prisoner to seek redress for a civil complaint that requires a filing fee, until the filing fee is prepaid, violates access to the courts or due process.[22]
¶11 Title 28 U.S.C.A. §1915(g)(1996) of the Federal Prison Litigation Reform Act (the Act) has a provision which is similar to Oklahoma's 57 O.S. 2001 §566.2.[23] Section 1915(g) provides:
"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the Untied States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
Under the Act, federal courts may also exempt non-prisoner indigents from prepaying filing fees.[24] However, the federal courts may not exempt prisoner indigents from prepaying filing fees. Instead, prisoner indigents must prepay at least a partial filing fee followed by monthly payments until the fees are paid.[25] A limited exception exists for prisoners with no assets and no means to pay the initial partial filing fee.[26]
¶12 The United States Supreme Court has not addressed the constitutionality of 28 U.S.C.A. §1915(g)(1996) as it relates to access to the courts or due process. Our research does not reveal any persuasive authority for holding the statute unconstitutional. However, the federal circuit courts have addressed the constitutionality of the statute and agree that it is constitutional and does not deny access to courts, due process, or violate the equal protection clause.[27]
¶13 The courts which have determined that the "three strikes" rule does not block a prisoner's access to courts do so because, by its terms, it does not prevent prisoners from filing civil actions, it merely prohibits them from enjoying in forma pauperis status.[28] The rationale is that: 1) prisoners aren't prohibited from accessing the courts to protect their rights ____ they merely must pay the filing fees; 2) it only precludes prisoners with a history of abusing the legal system from continuing to misuse it while enjoying in forma pauperis status; and 3) only after demonstrating an inability to function within the judicial system is an indigent inmate asked to pay the filing fee.[29]
¶14 These courts also recognize that the United States Supreme Court has never required an unlimited rule that indigents, at all times, in all cases, have the right to relief without payment of fees or that Congress is compelled to provide unlimited access to courts.[30] While fee waivers are required in criminal cases, in the civil context the United States Supreme Court has only required a waiver of fees in a narrow category of cases where the litigant has a fundamental interest at stake.[31]
¶15 The courts which have determined that the statute does not violate due process or equal protection recognize that unless a classification involved is a fundamental right or is drawn upon an inherently suspect distinction such as race, religion, or alienage, the constitutionality of statutory discrimination is presumed and requires only that the classification challenged be rationally related to a legitimate state interest.[32] After determining that neither prisoners nor indigents are a suspect class, the provisions of the Act do not implicate fundamental rights, and the provisions are rationally related to the legitimate governmental interest of deterring frivolous prisoner lawsuits, they held that due process was not impeded by the statute.[33]
¶16 In upholding the constitutionality of the statute, the courts reason that: 1) proceeding in forma pauperis is a privilege, not a right  fundamental or otherwise; 2) rather than prohibiting the filing of civil actions, it merely prohibits the privilege of proceeding in forma paueris; and 3) its function is not to place burdens on prisoners, but to put them in the same position as other litigants who have to weigh their resources and determine whether a lawsuit or an appeal is worth the expense. Ultimately, application of the statute is entirely within an inmate's control if meritless lawsuits are not filed.[34]
¶17 In Higgins v. Carpenter, 258 F.3d 797 (8th Cir. 2001) cert. denied by Early v. Harmon, 535 U.S. 1040, 122 S.Ct. 1803, 152 L.Ed.2d 659 (2002), the Court, in upholding the "three strikes" statute as constitutional recognized that the statute does not close the courthouse doors to "frequent filer" prisoners, it merely prohibits them from enjoying in forma pauperis status and makes them pay the full filing fee sooner rather than later. It noted that:
"It is true that some indigent inmates  who, like Higgins and Early, have no prison jobs or other income sources and cannot save the full filing fee  may be effectively prevented from pursuing valid constitutional claims after receiving three strikes. Yet, a `constitutional requirement to waive court fees in civil cases is the exception, not the general rule.' . . . The Supreme Court has recognized only a few civil matters in which fee waivers are required. . .(termination of parental rights). . . (divorce proceedings). If fee waivers are not constitutionally required in prisoner §1983 cases, it follows that inmates do not have a constitutional right to pay court fees for civil cases by the installment method. . . .To be sure, proceeding IFP in a civil case is a privilege, not a right  fundamental or otherwise." (Citations omitted.)
¶18 While pronouncement of a federal law question by an inferior federal court is not binding on this Court, it is persuasive,[35] as well as instructive, in providing guidance on similar state law questions.[36] Given the Federal precedent and overwhelming agreement in rejecting constitutional challenges to similar legislative enactments, we agree with the rationale of the federal courts.[37]
¶19 Under the current statutory scheme, Oklahoma courts may exempt non-prisoner indigents from prepaying filing fees.[38] If an applicant for in forma pauperis is an indigent prisoner, the prisoner is required to prepay partial filing fees followed by monthly payments until the fees are paid.[39] An exception exists for prisoners with no means and no assets to pay the fees.[40] Inmates are also prohibited from filing patently frivolous pleadings.[41] Pursuant to 57 O.S. 2001 §566.2,[42] a prisoner who has previously filed three or more meritless lawsuits must save up and prepay the full fees when filing a new lawsuit, rather than make a partial payment or installment payments.
¶20 The Okla. Const. art. 2, §6,[43] was not intended to guarantee the right to litigate entirely without expense to the litigants, nor to impose upon the public the entire burden of the expense of the maintenance of courts.[44] Requiring partial payments was a response to a flood of pro se claims by prisoners. The partial payment requires a prisoner to weigh the validity of a lawsuit against the cost of pursuing it.[45] This Court has already upheld the practice of requiring prisoners to pay filing fees, as long as the payment of a partial filing fee in any month would not completely deplete a prisoner's account with the Department of Corrections.[46]
¶21 Because prisoners are not a suspect class, and the provisions of 57 O.S. 2001 §566.2[47] do not implicate fundamental rights, and are rationally related to the legitimate governmental interest of deterring frivolous prisoner lawsuits,[48] we hold that the challenged provision is constitutional under both the federal and state constitutions.[49] Although the effect of our holding is similar to the effect of the Federal Act, we base our holding on Oklahoma law.[50] Under the current statutory scheme, inmates are not barred from filing lawsuits if there are no funds.[51] However, inmates who continue to file meritless lawsuits have been on notice since 57 O.S. 2001 §566.2[52] became effective in November of 2001,[53] that continuing to file frivolous lawsuits will result in its application and require prepayment of filing fees.

CONCLUSION
¶22 A legislative act is presumed to be constitutional and will be upheld until the contrary is shown.[54] Because prisoners are not a suspect class, and the provisions of 57 O.S. 2001 §566.2[55] do not implicate fundamental rights, and are rationally related to the legitimate governmental interest of deterring frivolous prisoner lawsuits,[56] no showing has been made that the statute is unconstitutional under either the federal or the state constitution. The Court is duty-bound to give effect to legislative acts, not to amend, repeal or circumvent them.[57] Under the current statutory scheme, inmates are not barred from filing lawsuits if there are no funds.[58] However, pursuant to 57 O.S. 2001 §566.2,[59] unless an inmate is under immediate danger of serious physical injury, inmates who continue to file frivolous lawsuits will be required to prepay the full filing fees.
CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.
WATT, C.J., HODGES, LAVENDER, HARGRAVE, KAUGER, BOUDREAU, WINCHESTER, EDMONDSON, J.J., concur.
OPALA, V.C.J., concurs in result.
Opala, V.C.J., concurring in result.
¶1 I would pronounce today that, insofar as the prisoner's paperwork should be treated as launching before this court a facial attack upon the constitutional validity of those provisions in 57 O.S. 2001 §566.2[1] which are said impermissibly to impede the prisoner's forensic access, the cited statute will pass muster under both the due process clauses (federal and state) and under state-law testing for compliance with the terms of Art. 2 § 6, Okl. Const. Affording reasonable protection against abuse of judicial process by those who repeatedly press meritless civil claims lies well within the power of the legislature.[2]
¶2 As for an alleged constitutional infirmity in the cited statute's application to this cause, I would conclude the prisoner failed to offer below any evidentiary material which would show that raising against him the § 566.2's bar would, under the circumstances invoked by the State, offend minimum due process criteria (federal or state) as well as those standards of Oklahoma fundamental law which guarantee him a sine qua non opportunity for critical civil litigation access.[3]
NOTES
[1] Title 57 O.S. 2001 §566.2 provides:

"A. A prisoner who has, on three or more prior occasions, while incarcerated or detained in any facility, or while on probation or parole, brought an action or appeal in a court of this state or a court of the United States that has been dismissed on the grounds that the case was frivolous, or malicious, or failed to state a claim upon which relief could be granted, may not proceed in a matter arising out of a civil case, or upon an original action or on appeal without prepayment of all fees required by law, unless the prisoner is under immediate danger of serious physical injury.
B. The court administrator of the Oklahoma courts shall maintain a registry of those prisoners who have had any cases dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted. The Attorney General, the General Counsel of the Department of Corrections, the district attorneys and general counsels of the various state agencies shall forward to the court administrator copies of all orders in which there was a finding the case filed by a prisoner was dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted."
[2] The Okla. Const. art 2, §6 provides:

"The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay or prejudice."
[3] A copy of Mehdipour's pauper's affidavit was not included in the record on appeal. However, he did file one in this Court and it shows that he has nothing in his prison draw account and $45.88 in his savings account.
[4] Title 57 O.S. 2001 §566.2, see note 1, supra.
[5] The order, entered by the Court Clerk for the 10th Circuit, refers to Mehdipour v. Chapel, DC No. 00-CV-652-T from the Western District Court of Oklahoma, which was dismissed for failure to state a claim. The appeal to the 10th Circuit, Mehdipour v. Chapel, No. 00-6347 was dismissed as frivolous. Mehdipour v. Oklahoma County Board of County Commissioners, DC. No. CIV-99-2983-T from the Western District Court of Oklahoma, was dismissed for failure to state a claim and the decision was affirmed on appeal, No. 00-6351 in the 10th Circuit. The Federal Rules of Appellate Procedure, 10th Cir. Rule 27.3 authorize the clerk to act on behalf of the court for certain motions which include proceedings in forma pauperis under Federal Rules of Appellate Procedure, 10th Cir. Rule 24.
[6] Title 57 O.S. 2001 §566.2, see note 1, supra.
[7] Id.
[8] Mehdipour relies upon the United States Const. Amendment 14, §1 which provides in pertinent part:

". . .No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
[9] In addition to citing the Okla. Const. art. 2, §6, see note 2, supra, Mehdipour also cites to the Okla. Const. art 2, § 7 which provides:

"No person shall be deprived life, liberty, or property, without due process of law."
Mehdipour also insists, for the first time on appeal and offers no explanation why, that the statute as applied by the trial court conflicts with the Okla. Const. art 2, §15, 12 O.S. Supp. 2002 §2003.1(A) and violates 21 O.S. 2001 §68. The Okla. Const. art 2, §15 provides:
"No bill of attainder, ex post facto law, nor any law impairing the obligation of contracts, shall ever be passed. No conviction shall work a corruption of blood or forfeiture of estate: Provided, that this provision shall not prohibit the imposition of pecuniary penalties."
Title 12 O.S. Supp. 2002 §2003.1(A) provides in pertinent part:
"Petitions, motions, or other pleadings filed by an inmate as defined in paragraph 2 of subsection B of Section 566 of Title 57 of the Oklahoma Statutes appearing pro se shall be on forms approved by the district court and supplied without charge by the clerk of the district court upon request. . ."
Title 21 O.S. 2001 §68 provides:
"No conviction of any person for crime works any forfeiture of any property, except in the cases of any outlawry for treason, and other cases in which a forfeiture is expressly imposed by law."
Because these arguments were raised for the first time on appeal, we need not address them. Fulsom v. Fulsom, 2003 OK 96, ¶5, n.5, 81 P.3d 652; Niemeyer v. United States Fidelity and Guaranty Co., 1990 OK 32, ¶12, 789 P.2d 1318; Mothershed v. Mothershed, 1985 OK 23, ¶23, 701 P.2d 405.
[10] Okla. Const. art 2, §6, see note 1, supra.
[11] Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). But see, Lewis v. Casey, 518 U.S. 343, 354, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996) ["Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."].
[12] See, M.L.B. v. S.L.J., 519 U.S. 102, 119, 117 S.Ct. 555, 565, 136 L.Ed.2d 473 (1996)[Indigent mother's right to appeal judgment terminating parental rights on prepayment of cost was unconstitutional.]; Boddie v. Connecticut, 401 U.S. 371, 380, 91 S.Ct. 780, 787, 28 L.Ed.2d 113 (1971)[Indigent must be given access to courts in divorce action.]; Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961)[Indigent prisoner may not be required to pay a filing fee for petitioning for a writ of habeas corpus.]. But see, Ortwein v. Schwab, 410 U.S. 656, 658, 93 S.Ct. 1172, 1174, 35 L.Ed.2d 572 (1973)[No constitutional violation in requiring payment of appellate filing fee by indigents seeking review of adverse welfare decision.]; United States v. Kras, 409 U.S. 434, 439, 93 S.Ct. 631, 635, 34 L.Ed.2d 626 (1973)[No constitutional violation in requiring payment of filing fee by indigent in bankruptcy action.]. Other states who have access to court constitutional provisions similar to Oklahoma's have recognized that only lawsuits concerning fundamental rights require waiver of the filing fee. See, e.g., Martin v. State, 321 S.C. 533, 471 S.E.2d 134, 135 (1995)[Judge must make ruling whether complaint fits within one of statutory exceptions or whether cause concerns fundamental right requiring waiver.]; Tahtinen v. Superior Court, 130 Ariz 513, 637 P.2d 723, 724 (1981), cert. denied by Mendibles v. Superior Court of Pinal County, 454 U.S.1152, 102 S.Ct. 102, 71 L.Ed 2d 308 (1982)[Refusal to waive fees did not infringe fundamental right.]; State ex rel. Lindell v. Litscher, 2003 WI App 36, 260 Wis.2d 454, 659 N.W.2d 413, 415 (2003)[A litigant's right to proceed without prepayment of fees in any civil matter not implicating a fundamental right is legislative privilege, not constitutionally guaranteed right.].
[13] The Okla. Const. art 2, §7, see note 9, supra; United States Const. Amendment 14, §1, see note 8, supra.
[14] Shieh v. Kakita, 517 U.S. 343, 116 S.Ct. 1311, 134 L.Ed.2d 464 (1996)[[Clerk directed not to accept further petitions for certiorari in noncriminal matters without prepayment of docketing fees.]; Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992)[Clerk directed not to accept further petitions for certiorari in noncriminal matters without prepayment of docketing fees.]; In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991)[Access to proceed before the courts in forma pauperis is a privilege, not a right which can be revoked if a litigant evinces a history of abusing the judicial system while exercising that privilege.]; In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).
[15] Cotner v. Creek County Dist. Court, 1996 OK CR 3, ¶58, 911 P.2d 1215. The Oklahoma Court of Civil Appeals declined to restrict a prisoner's filings, but left the matter to the district court in Lowe v. Cantrell, 2000 OK CIV APP 27, ¶5, 1 P.3d 438. Although we have not issued such orders, we do take judicial notice that the appellate docket shows numerous pleadings by several prisoners. For instance, since 1994, Mehdipour and B.J. Stouffer have filed over 30 filings each and Ronald Dean Lowe has filed over 110 filings in the appellate docket.
[16] For example, the Nebraska Supreme Court in State ex rel. Tyler v. Douglas Co. Dist. Court, 254 Neb. 852, 580 N.W.2d 95, 99 (1998), upheld the limiting of an inmate's filings to one per month as not unreasonably restricting the litigant's access to courts under the state constitution. The Ohio Court of Appeals in State ex rel. Richard v. Cuyahoga County Board of Commissioners, 100 Ohio App.3d 592, 654 N.E.2d 443, 446 (1995), which has an access to courts provision like Oklahoma's, denied a prisoner in forma pauperis status in connection with excessive filings. The rationale that the right to access to courts does not include the right to impede the normal functioning of the judicial process, along with the recognition of the need to tailor the remedy narrowly so as not to prospectively shut the courthouse door was also recognized in an unpublished opinion in Hattie v. Andrews, 1998 WL 240501 (Ohio App. 1998). Similarly, Delaware courts, in unpublished opinions, have also recognized that the ability of courts to restrict the use of in forma pauperis filings does not violate access to courts. See, Walls v. Delaware State Police, 599 A.2d 414, 1991 WL 134488 (Del. Supr. 1991); Lee v. Johnson, 1996 WL 944868 (Del.Super. 1996). Although access to courts was not discussed, the Supreme Court of South Carolina in In re Maxton, 325 S.C.3, 478 S.E.2d 679 (1996) ordered that because an inmate had submitted 64 frivolous pro se petitions over the previous three years, the inmate was required to prepay fees and show good faith before proceeding.]. However, some courts have issued such orders which have been determined too extreme or overbroad. See, State ex rel. Woods v. State, 731 So.2d 873 (La. 1999); Ex parte Magouirk, 804 So.2d 308 (Ala. Crim. App. 2000).
[17] Okla. Const. art 2, §6, see note 1, supra.
[18] Rollings v. Thermodyne Indus., Inc., 1996 OK 6, ¶9, 910 P.2d 1030 [Okla. Const. art 2, §6, see note 1, supra, has most often been used to ensure, regardless of status, that equal access to courts is permitted.]. The right to a remedy guarantee is a mandate to the judiciary and is not intended to be a limitation on the authority of the Legislature. The constitutional guarantee mandates that the courts should be open and afford a remedy for those wrongs that are recognized by the law of the land. Rivas v. Parkland Manor, 2000 OK 68, ¶18, 12 P.3d 452. Section 6, see note 1, supra, requires that the courts be open to all on the same terms without prejudice. Woody v. State ex rel. Dept. of Corrections, 1992 OK 45, ¶9, 833 P.2d 257.
[19] Kordis v. Kordis, 2001 OK 99, ¶7, 37 P.3d 866; Shabazz v. Keating, 1999 OK 26, ¶14, n.26, 977 P.2d 1089; Gaines v. Maynard, 1991 OK 27, ¶6, 808 P.2d 672; Johnson v. Scott, 1985 OK 50, ¶10, 702 P.2d 56.
[20] The statute at question in Mehdipour v. Wise, 2003 OK 3, 65 P.3d 271, was 21 O.S. 2001 §65 which provides in pertinent part:

"A sentence of imprisonment under the Department of Corrections suspends all the civil rights of the person sentenced . . ."
[21] See, Kordis v. Kordis, note 19, supra [Recognizing serious constitutional questions if inmates were deprived of the capacity to enforce vested property rights.]; Sholer v. State ex rel. Dept. of Public Safety, 1995 OK 150, ¶47, 945 P.2d 469 [Error to deny right to be designated a class representative because convicted felon.]; Davis v. Pullium, 1971 OK 47, ¶10, 484 P.2d 1306 [Rejecting notion that "civil death" of a convicted felon included incapacity to initiate a civil suit for personal injuries.]; Grooms v. Thomas, 1923 OK 825, ¶4, 219 P.700 [Upholding the right of a person convicted of a felony to convey title to real property and inherit an estate.]. See also, Harmon v. Harmon, 1997 OK 91,¶16, 943 P.2d 599 [Incarcerated spouse entitled to participate in divorce and custody proceedings.]; Lowe v. Monard, 1997 OK 100, 942 P.2d 732 [Inmates petition may be returned only if fails to comply with statutory requirements for certain information.]; Harris v. State ex rel. Macy, 1992 OK 6, 825 P.2d 1320 [Court may not dismiss inmate suit for failure to appear.]; Johnson v. Scott, see note 19, supra [Dismissal of small claims case violated constitution.].
[22] The Oklahoma Court of Civil Appeals has recognized that the fact that there are limits on the extent to which prisoners may secure financial assistance from the state or its prison authorities for conducting all manners of litigation does not amount to an infringement of their right to access to courts. Stouffer v. Ward, 1998 OK CIV APP 82, ¶10, 959 P.2d 985.
[23] Title 57 O.S. 2001 §566.2, see note 1, supra.
[24] Title 28 U.S.C.A. §1915(a)(1) (1996) provides:

"Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."
[25] Title 28 U.S.C.A. §1915(b) (1996) provides:

"(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of
(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."
[26] Title 28 U.S.C.A. §1915(4) (1996) provides:

"In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."
[27] Higgins v. Carpenter, 258 F.3d 797, 801 (8th Cir. 2001) cert. denied by Early v. Harman, 535 U.S. 1040, 122 S.Ct. 27, 152 L.Ed.2d 659 (2002)[Does not violate Equal protection.]; Rodriguez v. Cook, 169 F.3d 1176, 1179 (9th Cir. 1999)[No access to court, due process, or equal protection violation.]; White v. State of Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998) cert. denied. 526 U.S. 1008, 119 S.Ct. 1150, 143 L.Ed.2d 216 (1999)[No access to court or equal protection violation.]; Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) cert. denied 524 U.S. 978, 119 S.Ct. 27, 141 L.Ed.2d 787 (1998)[No violation for access to court, due process or equal protection.]; Wilson v. Yaklich, 148 F.3d 596, 603 (6th Cir. 1998) cert. denied 525 U.S.1139, 119 S.Ct, 1028, 143 L.Ed.2d 38 (1999)[No due process or equal protection violation.]; Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997)[No equal protection, due process or access to court violation.]. Other cases have addressed the constitutionality of 28 U.S.C.A. §1915 generally, and upheld the statute as constitutional. Tucker v. Branker, 142 F.3d 1294, 1299 (D.C. Cir. 1998)[No violation of constitutional right of access to court, due process or equal protection.]; Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997)[No violation of constitutional right of access to court, due process or equal protection.]; Norton v. Dimazana, 122 F.3d 286, 289 (5th Cir. 1997) cert. denied 517 U.S. 1213, 116 S.Ct. 1834, 134 L.Ed.2d 938 (1996)[Fee provisions do not violate access to courts.]; Shabazz v. Parsons, 127 F.3d 1246, 1248 (10th Cir. 1997) [Fee provisions are constitutional.]; Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997) cert. denied 522 U.S. 874, 118 S.Ct. 192, 139 L.Ed.2d 130 (1997)[Does not violate access to courts or equal protection.]; Nicholas v. Tucker, 114 F.3d 17, 21 (2nd Cir. 1997) cert. denied 523 U.S. 1126, 118 S.Ct. 1812, 140 L.Ed.2d 950 (1998)[No denial of access to courts or equal protection.]; Lossee v. Maschner, 113 F.Supp.2d 1343, 1354 (S.D. Iowa 1998)[Does not violate access to courts.]. See also, Lucien v. DeTella, 141 F.3d 773, 775 (7th Cir. 1998)[Fee provisions within Congress' power.]. See generally, M.A. Shields, "Validity and Construction of the `Three Strikes' rule under 28 U.S.C.A. §1915(g) Barring Prisoners from In Pauperis Filing of Civil Suit After Three Dismissals for Frivolity" 168 A.L.R. Fed 433. Other states with access to court provisions have also generally determined similar statutory schemes constitutional under access to court, due process, or equal protection challenges. See, Longval v. Superior Court Department of the Trial Court, 434 Mass. 718, 752 N.E.2d 674, 677 (2001); Smith v. McKune, 76 P.3d 1060 (Kan. App. 2003); State ex rel. Lindell v. Litscher, see note 12, supra; State ex rel. Tayr Kilabb Al Ghashiyah v. Sullivan, 2000 WI App. 109, 235 Wis.2d 260, 613 N.W.2d 203, 207 (2000). Florida determined a portion of their similar state statute was unconstitutional in Mitchell v. Moore, 786 So.2d 521, 524 (2001) [Statute requiring inmates to submit copies of complaints for preceding five years before determining indigency status over burdensome and unconstitutional.]. At least two lower federal courts have determined the statute unconstitutional as violative of the equal protection rights of prisoners. Ayers v. Norris, 43 F.Supp.2d 1039 (E.D. Ark. 1999) abrogated by Higgins v. Carpenter, supra. [Because fundamental interest was at stake, "three strikes" provision violates equal protection clause.]; Lyon v. Vande Krol, 940 F.Supp. 1433 (S.D. Iowa 1996)[Statute violates equal protection rights of prisoners proceeding in forma pauperis.].
[28] Rodriguez v. Cook, see note 27, supra; White v. State of Colorado, see note 27, supra; Rivera v. Allin, see note 27, supra; Carson v. Johnson, see note 27, supra.
[29] Rodriguez v. Cook, see note 27, supra; Rivera v. Allin, see note 27, supra.
[30] Rodriguez v. Cook, see note 27, supra; White v. State of Colorado, see note 27, supra; Rivera v. Allin, see note 27, supra; Carson v. Johnson, see note 27, supra.
[31] Id.
[32] See, Higgins v. Carpenter, note 27, supra; Rodriguez v. Cook, note 27, supra; Rivera v. Allin, note 27, supra; Tucker v. Branker, note 27, supra; Carson v. Johnson, note 27, supra; Wilson v. Yaklich, note 27, supra.
[33] Id.
[34] Id.
[35] Akin v. Missouri Pacific Railroad Co., 1998 OK 102, ¶30, 977 P.2d 1040; Dority v. Green Country Casting Corp., 1986 OK 67, ¶11, n.24, 727 P.2d 1355; Phillips v. Williams, 1980 OK 25, ¶10, 608 P.2d 1131 cert. denied by Shabazz v. Williams, 449 U.S. 860, 101 S.Ct. 102, 66 L.Ed.2d 76 (1980).
[36] See, Payne v. Dewitt, 1999 OK 93, ¶8, 995 P.2d 1088; McDaneld v. Lynn Hickey Dodge, Inc., 1999 OK 30, ¶7, 979 P.2d 252; Gaylord Entertainment Co. v. Thompson, 1998 OK 30, ¶21, 958 P.2d 128 [Recognizing that federal case law provides a logical framework for determining the scope of the protection guaranteed by Oklahoma constitutional law.]. Oklahoma due process clause has definitional sweep that is coextensive with its federal counter part. Gladstone v. Bartlesville Independent School Dist. No. 30, 2003 OK 30, ¶6, n.16, 66 P.3d 442.
[37] We have previously looked to federal rational for state constitutional questions. See, Woody v. State ex rel. Department of Corrections, note 18, supra; Thayer v. Phillips Petroleum Co., 1980 OK 95, ¶15, 613 P.2d 1041.
[38] Title 28 O.S. Supp. 2003 §152 governs in forma pauperis proceedings generally and allows litigants who are unable to pay fees and costs in civil actions to proceed without payment of fees and costs. However, prisoners are specifically governed by a statutory scheme aimed at regulating prisoner lawsuits. See generally, 57 O.S. 2001 §§ 564-566.4.
[39] Title 57 O.S. Supp. 2002 §566.3 provides in pertinent part:

"A. 1. If an applicant for in forma pauperis is a prisoner and the prisoner brings an action of any kind, upon filing, the court shall order the prisoner to pay, as a partial payment of any court costs required by law, before the commencement of the action, a first-time payment of twenty percent (20%) of the deposits of the preceding six (6) months to the trust account of the prisoner administered by the confining agency and thereafter monthly payments of twenty percent (20%) of the deposits of the preceding month to the account, but only if the prisoner does not have enough funds to pay the total costs required by law at the time of filing. In those cases where the prisoner has sufficient funds available, the prisoner shall be ordered to pay the required costs before the action may commence. . .
4. If a prisoner is found to be indigent and totally without any funds pursuant to this section at the time of filing, the case may proceed without prepayment of fees or partial fees. Even in those cases where the court finds the prisoner is without funds, the court shall assess costs against the prisoner, establish a payment schedule and order the costs paid when the prisoner has funds.. . ."
[40] Id.
[41] See, 57 O.S. Supp. 2002 §566.
[42] Title 57 O.S. 2001 §566.2, see note 1, supra.
[43] The Okla. Const. art. 2, §6, see note 2, supra.
[44] Howe v. Federal Surety Co., 1932 OK 730, ¶14, 17 P.2d 404; In re Lee, 1917 OK 458, ¶17, 168 P. 53. See also, Moses v. Hoebel, 1982 OK 26, ¶11, n. 16, 646 P.2d 601[Court costs prescribed by law are excluded from the "Interdiction-of-Sale-of-Justice" clause of art. 2, §6 of the Okla. Const. because they are fixed in advance and exacted from litigants on an equal basis.].
[45] Mahorney v. Moore, 2002 OK 39, ¶8, 50 P.3d 1128; Smith v. Moore, 2002 OK 49, ¶6, 50 P.3d 215; Crumby v. State, 1985 OK 36, ¶5, 699 P.2d 1094 cert. denied by Jackson v. Oklahoma, 474 U.S. 838, 106 S.Ct. 115, 88 L.Ed.2d 94 (1985). Court costs are imposed primarily to recoup costs for the state and they serve as a mechanism for judicial resource allocation. Elam v. Workers' Compensation Court, 1983 OK 16, ¶8, 659 P.2d 938.
[46] Mahorney v. Moore, see note 45, supra; Smith v. Moore, see note 45, supra. See also, Foust v. Pearman, 1992 OK 135, ¶9, 850 P.2d 1047 [Relying on federal case law, the Court determined that a prisoner could not be required to pay all the funds on deposit.].
[47] Title 57 O.S. 2001 §566.2, see note 1, supra.
[48] Higgins v. Carpenter, see note 27, supra; Rodriguez v. Cook, see note 27, supra; White v. State of Colorado, see note 27, supra; Rivera v. Allin, see note 27, supra; Tucker v. Branker,see note 27, supra; Carson v. Johnson, see note 27, supra.; Wilson v. Yaklich, see note 27, supra.
[49] Oklahoma has long recognized the constitutional right to proceed as a pauper in criminal proceedings. Jeffries v. State, 9 Okla. Crim. 573, 1913 OK CR 146, 132 P. 823. This cause is limited to the civil context. We note that, Mehdipour is not destitute. Although his pauper's affidavit for the trial court was not included in the record, the affidavit he filed on appeal shows a savings balance of $45.00. Additionally, he is not seeking to advance a matter in which some constitutional fundamental interest is at stake such as a divorce proceeding or termination of parental rights. See, State ex rel. McCalister v. Graham, 1975 OK 17, ¶10, 531 P.2d 1367(1975)[Indigents have a constitutional right to proceed in divorce action without payment of court fees.]. Application of 57 O.S. 2001 §566.2, see note 1, supra, to those types of actions remains for determination for another day.
[50] Our holding with regard to the state constitutional questions is based on Oklahoma law which provides bona fide, separate, adequate and independent grounds for our decision. Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3476, 77 L.Ed.2d 12-1, 1214 (1983).
[51] Title 57 O.S. Supp. 2002 §566.3 see note 39, supra.
[52] Title 57 O.S. 2001 §566.2, see note 1, supra.
[53] Everyone is presumed to know the law. Nottingham v. City of Yukon, 1988 OK 130, ¶11, 766 P.2d 973; Halstead v. McHendry, 1977 OK 131, ¶12, 566 P.2d 134; Gibson v. Mendenhall, 1950 OK 276,¶15, 224 P.2d 251.
[54] Gladstone v. Bartlesville Independent School Dist. No. 30, see note 36, supra; State ex rel. Oklahoma State Bureau of Investigation, 1998 OK 133, ¶25, 975 P.2d 900; Naylor v. Petuskey, 1992 OK 88, ¶3, n.2, 834 P.2d 429.
[55] Title 57 O.S. 2001 §566.2, see note 1, supra.
[56] Higgins v. Carpenter, see note 27, supra; Rodriguez v. Cook, see note 27, supra; White v. State of Colorado, see note 27, supra; Rivera v. Allin; Tucker v. Branker, see note 27, supra; Carson v. Johnson, see note 27, supra.; Wilson v. Yaklich, see note 27, supra.
[57] Blythe v. University of Oklahoma, 2003 OK 115, ¶8, n.10, 82 P.3d 1021; Fulson v. Fulson, see note 8, supra; City of Tulsa v. Public Employees Relations Board, 1998 OK 92, ¶18, 967 P.2d1214.
[58] Title 57 O.S. Supp. 2002 §566.3 see note 39, supra.
[59] Title 57 O.S. 2001 §566.2, see note 1, supra.
[1] The terms of 57 O.S. 2001 §566.2 are:

"A. A prisoner who has, on three or more prior occasions, while incarcerated or detained in any facility, or while on probation or parole, brought an action or appeal in a court of this state or a court of the United States that has been dismissed on the grounds that the case was frivolous, or malicious, or failed to state a claim upon which relief could be granted, may not proceed in a matter arising out of a civil case, or upon an original action or on appeal without prepayment of all fees required by law, unless the prisoner is under immediate danger of serious physical injury. ***"
[2] Shabazz v. Keating, 1999 OK 26, 977 P.2d 1089, 1095.
[3] I would neither analyze nor even mention here any equal-protection jurisprudence. Because that Fourteenth Amendment's clause is not tendered for today's testing, I would not speculate either on the viability or applicability of Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966); Williams v. Illinois, 399 U.S. 235, 240, 90 S.Ct. 2018, 2022, 26 L.Ed.2d 586 (1970); Humphrey v. Cady, 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972). Legislative classification which sets apart a class without any rational basis for its severance from other classes may offend the equal protection clause. If legislative classification is found to be impermissibly narrow, it is subject to judicial condemnation as "underinclusive". Orr v. Orr, 440 U.S. 268, 272, 99 S.Ct. 1102, 1108, 59 L.Ed.2d 306 (1979); Stanton v. Stanton, 421 U.S. 7, 13-14, 95 S.Ct. 1373, 1377, 43 L.Ed.2d 688 (1975); See also Wilson v. Foster, 1979 OK 45, 595 P.2d 1329, 1332.